SPRINGFIELD LOCAL ASSOCIATION OF CLASSROOM TEACHERS ET AL., APPELLEES, *v.* SPRINGFIELD LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT.

(No. 12908—Decided June 10, 1987.)

*Ronald G. Macala* and *Janice K. Henderson,* for appellees.

*Dean A. Young,* for appellant.

QUILLIN, P.J. Defendant appeals from the trial court's order vacating the arbitrator's determination that the arbitrator lacked jurisdiction under the collective bargaining agreement between the parties. We reverse and remand.

The facts are stipulated. Defendant, board of education, employed plaintiff, Patricia J. Russell, under the terms of a limited contract during the 1984-1985 school year. Prior to the following school year, defendant notified. plaintiff that her contract would not be renewed. Plaintiff filed a grievance pursuant to the collective bargaining agreement between the parties. The board contended that, due to her limited contract, plaintiff did not fall under the terms of the collective bargaining agreement and therefore the grievance procedures were not available to her. The parties agreed to first submit only the arbitrability question to arbitration.

The arbitrator ruled that plaintiff's limited contract did not fall under the collective bargaining agreement and he therefore lacked jurisdiction to hear the matter further. Plaintiff and the Springfield Local Association of Classroom Teachers then appealed to the court of common pleas.

Both sides moved for summary judgment. The trial court made an independent construction of the contract and concluded that the issue was arbitrable. The court granted plaintiff's motion for summary judgment, vacated the arbitrator's decision, and remanded the cause for arbitration. The board appeals.

## Assignments of Error

"I. The trial court erred in vacating the arbitrator's decision in the absence of facts demonstrating that grounds existed under R.C. 2711.10 which would justify vacating the award.

"II. The trial court erred in substituting its interpretation of the contract for that of the arbitrator.

"III. The trial court's judgment was against the manifest weight of the evidence and contrary to law in that the court incorrectly interpreted contract provisions and, based upon that erroneous premise, applied the wrong law."

Because these assignments of error are interrelated, they shall be addressed together.

R.C. 2711.10 governs the review of arbitrator's awards and reads in relevant part:

"In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

"(A) The award was procured by corruption, fraud, or undue means.

"(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

"(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

"(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

The arbitrability of a dispute may itself be subject to arbitration if the parties so agree. *Vulcan-Cincinnati, Inc.* v. *United Steelworkers of America* (1960), 113 Ohio App. 360, 17 O.O. 2d 386, 173 N.E. 2d 709. Here, the parties agreed to submit the arbitrability question to arbitration. Plaintiff cannot

wait until after an unfavorable decision and then attempt to recant her agreement.

The trial court should not have made an independent determination of the arbitrability of the grievance but should have reviewed the arbitrator's decision under the guidelines found in R.C. 2711.10.

The assignments of error are sustained. The judgment is reversed.

*Judgment reversed.*

MAHONEY and CACIOPPO, JJ., concur.