GAFFNEY et al., Appellants,

v.

POWELL et al., Appellees.

[Cite as *Gaffney v. Powell* (1995), 107 Ohio App.3d 315.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C-940962.

Decided Nov. 8, 1995.

316

*Ivan L. Tamarkin,* for appellants.

*Goodman & Goodman* and *Donald P. Morrisroe,* for appellees.

*Per Curiam.*

This appeal arises out of a confused series of procedures involving the arbitration of claims brought by plaintiffs-appellants Patricia Gaffney and her husband, William Jackson, against Gaffney's employer, Gregory Powell. Gaffney and Powell are both chiropractors. Gaffney signed an employment contract in which she agreed to work for Powell. One of the provisions of the contract required arbitration for "any controversy or claim arising out of or relating to this contract or the employment created hereby * * *." Arbitration was to be in accordance with the rules of the American Arbitration Association, and the provision further called for a court to enter judgment upon the award.

Gaffney filed suit against Powell, asserting claims for assault, sex discrimination, sexual harassment, and intentional infliction of emotional distress. Jackson filed a loss-of-consortium claim based on the foregoing. Powell counterclaimed for breach of contract.

The trial court first referred the matter to an arbitrator, with the directive that the arbitrator should proceed only if he believed he had jurisdiction over all claims. The arbitrator found that he did not, and returned the matter to the court. The court reversed itself and again referred the entire matter to arbitration. The arbitration went forward, and the arbitrator found against Gaffney on her claims and against Powell on his, awarding costs and attorney fees to Powell. The arbitrator failed to make a determination about Jackson's consortium claim. Powell moved to reduce the award to judgment, which the court did after modifying the arbitrator's award to include a finding against Jackson on his consortium claim. It is from this entry of November 15, 1994, modifying and confirming the arbitrator's award, that Gaffney and Jackson ("appellants") have appealed.[1]

Appellants raise four assignments of error. The first three assignments of error challenge the trial court's change of mind about what the arbitrator could

---

1. The arbitrator in this case did determine that Gaffney did not breach the employment contract with Powell in failing to provide proper notice under the contract when she quit. As no one has addressed this issue on appeal or by way of cross-appeal, we decline to address the merits of this finding.

and should decide. The fourth questions the trial court's authority to modify an award by deciding a claim on the merits which the arbitrator failed to adjudicate. As it is clear that appellants have called into question the entire procedural process of this case, we combine the first three assignments of error and construe them to mean that the trial court erred in its January 27, 1993 judgment entry. We disagree.

The question in this case is whether the claims raised by Gaffney's lawsuit were arbitrable under the provisions of her written employment contract with Powell.

■ Arbitration in this case arises out of R.C. 2711.01(A). The issue of whether a controversy is arbitrable under an arbitration provision of a contract is a question of law for the court to decide upon an examination of the contract. *Ervin v. Am. Funding Corp.* (1993), 89 Ohio App.3d 519, 521, 625 N.E.2d 635, 637; *Divine Constr. Co. v. Ohio–American Water Co.* (1991), 75 Ohio App.3d 311, 316, 599 N.E.2d 388, 391; *Gibbons–Grable Co. v. Gilbane Bldg. Co.* (1986), 34 Ohio App.3d 170, 172, 517 N.E.2d 559, 561.

■ The trial court did err in this case in referring to the arbitrator the question of whether Gaffney's claims were subject to the arbitration clause in the employment agreement. That question is clearly for the court unless the contract itself reserves it for the arbitrator, which this one did not. *Springfield Local Assn. of Classroom Teachers v. Springfield Local School Dist. Bd. of Edn.* (1987), 37 Ohio App.3d 167, 168, 525 N.E.2d 27, 28–29, citing *Vulcan–Cincinnati, Inc. v. United Steelworkers of America* (1960), 113 Ohio App. 360, 365–366, 17 O.O.2d 386, 389–390, 173 N.E.2d 709, 712–713. Nevertheless, in the first part of its entry dated January 27, 1993, the court corrected its error by vacating the arbitrator's determination of jurisdiction. We do not agree with appellants that the court could not vacate the arbitrator's decision, nor are we persuaded that the vacation was improper under R.C. 2711.10. This was not a decision on the merits, nor was it an award as that term is used in R.C. 2711.10. Vacating the arbitrator's decision about jurisdiction was nothing more than the trial court changing its mind, which it is entitled to do at any time prior to the entry of final judgment adjudicating all claims. Civ.R. 54(B).

■ In the second part of its January 27, 1993 entry, the court ordered the arbitrator to hear all the issues raised in the complaint. We take this to be the court's legal conclusion that the claims raised by Gaffney's complaint fall within the language of the employment contract requiring arbitration, although the court has provided us no reasoning for this determination. Since the interpretation of the arbitration provision in the employment contract is a question of law, we review it *de novo*. *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*

(1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684, 685–686. We hold that the trial court was correct in requiring all of Gaffney's claims to be arbitrated.

The employment agreement requires the arbitration of "any controversy or claim arising out of or relating to this contract or the employment created hereby." It is clear that the first part of this clause requires the arbitration of contract claims. The question is whether the expression "or the employment created hereby" means that tort claims should also be submitted to arbitration. Powell argues that it does; Gaffney argues that it does not.

As a matter of policy, the law favors and encourages arbitration. *Brennan v. Brennan* (1955), 164 Ohio St. 29, 57 O.O. 71, 128 N.E.2d 89, paragraph one of the syllabus. A clause in a contract which provides for arbitration should not be denied effect unless it is not susceptible to an interpretation that covers the dispute. *Gibbons–Grable Co., supra,* citing with approval *Siam Feather & Forest Products Co. v. Midwest Feather Co.* (S.D.Ohio 1980), 503 F.Supp. 239, affirmed (C.A.6., 1981), 663 F.2d 1073. Ambiguities as to the scope of the arbitration clause itself should be resolved in favor of arbitration. *Volt Information Sciences, Inc. v. Leland Stanford Junior Univ. Bd. of Trustees* (1989), 489 U.S. 468, 476, 109 S.Ct. 1248, 1254, 103 L.Ed.2d 488, 498; *Didado v. Lamson & Sessions Co.* (1992), 81 Ohio App.3d 302, 610 N.E.2d 1085; *Independence Bank v. Erin Mechanical* (1988), 49 Ohio App.3d 17, 550 N.E.2d 198. In keeping with the foregoing authority, we hold that all claims raised by Gaffney's complaint were correctly found to be arbitrable under the language of her contract with Powell. Gaffney's first three assignments of error are overruled.

In their fourth assignment of error, appellants argue that the trial court erred when it confirmed and modified the arbitrator's August 10, 1994 award because the arbitrator did not rule on all issues as ordered by the court. At issue here is the trial court's modification of the arbitrator's award to include a denial of Jackson's loss-of-consortium claim despite the fact that the arbitrator made no specific ruling as to this claim in the award.

Under R.C. 2711.11(C), the trial court has the authority to modify an award if it is "imperfect in matter or form not affecting the merits of the controversy." The court is also authorized under the statute to "modify and correct the award, so as to effect the intent thereof and promote justice between the parties." Under Ohio law, Jackson's consortium claim, although a separate cause of action, is still dependent upon Powell "having committed a legally cognizable tort" upon Gaffney. *Bowen v. KilKare, Inc.* (1992), 63 Ohio St.3d 84, 93, 585 N.E.2d 384, 392. Since the arbitrator found against Gaffney on all of her tort claims, the trial court was within its statutory authority in modifying the

arbitrator's award to include the denial of Jackson's consortium claim. The fourth assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

GORMAN, P.J., MARIANNA BROWN BETTMAN and PAINTER, JJ., concur.