Plaintiffs-appellants William H. Dunn and Sally A. Dunn ("appellants") appeal from the order of the Cuyahoga County Court of Common Pleas which dismissed their ten-count contract action against defendants-appellees, L M Building Inc., Mark Metz and Keith Lurey ("appellees"), and ordered the parties to submit the matter to mandatory arbitration per the terms of the agreement between them.
The record demonstrates that on May 6, 1997, appellant Sally A. Dunn and appellees entered into a construction contract for the remodeling of appellants' kitchen at a cost of $12,800. On December 8, 1997, appellants filed a ten-count complaint in Cuyahoga County Court of Common Pleas against appellees on issues relating to fulfillment of the contract. As relevant to the matters in this appeal, appellants alleged inter alia: in count two, that appellees fraudulently induced appellants to agree to an arbitration clause; and, in count three, that the arbitration clause in the contract was unconscionable. On February 2, 1998, appellees moved for dismissal of the action, or in the alternative, for a stay of proceedings and order to compel arbitration of the matter pursuant to the arbitration provision of the contract. On September 2, 1998, the trial court, without holding hearing on the matter, overruled appellees' motion. Appellees appealed this decision and in Dunn, et al. v. L M Building Inc., etal. (Mar. 25, 1999), Cuyahoga App. No. 75203, unreported, we reversed and remanded the matter to the trial court for hearing pursuant to R.C.2711.03 for a determination of whether appellants advanced a legitimate challenge to the validity of the arbitration clause in the contract. Our mandate to the trial court on remand directed that "* * * if the court determines that the validity of the arbitration provision is not in issue after hearing the parties, the court should stay the proceedings and compel arbitration. R.C. 2711.03; R.C. 2711.02. On the other hand, if the court determines that the validity of the arbitration provision is in issue, the court should proceed summarily to a jury trial on the sole issue of the validity of the arbitration provision. R.C. 2711.03." Dunn,et al. v. L M Building Inc., et al., supra at *4.
On remand, the issues were briefed by the parties, depositions of appellants were filed; and on November 2, 1999, hearing was held for a determination by the court of whether the validity of the arbitration clause was in issue in this case. At the hearing, the trial court limited the presentation of evidence to that which related to the contract's arbitration provision. Appellant Sally Dunn was the sole witness to testify. Appellant's testimony revealed that prior to signing the contract her discussions with appellees consisted only of the construction work; she conceded that no discussion of the arbitration clause took place. She stated that because she and appellees agreed to the scope of the construction work to be performed, she spent little time reading the contract. She admitted that she did not ask any questions about the arbitration clause in the contract. In support of her contention that the arbitration clause was unconscionable, she claimed that if forced to pursue arbitration as required by the contract due to limited finances, she would be unable to prosecute her claim against appellees.
On November 16, 1999, the trial court, by written opinion, found "the issue of dispute settlement was never discussed prior to executing the contract," dismissed appellants' action and ordered arbitration pursuant to the terms of the contract. Further, the trial court, after determining that the costs of arbitration would be recoverable by appellants should they prevail on their claims, concluded that the arbitration provision could not be found unconscionable because of excessive costs.
Appellants timely challenge the trial court's judgment and advance two assignments of error for our review.
 I. THE TRIAL COURT IMPROPERLY EXCLUDED TESTIMONY OF CONTEMPORANEOUS ORAL AGREEMENTS AND THEN ERRED IN FAILING TO ORDER A JURY TRIAL ON THE ISSUE OF FRAUDULENT INDUCEMENT OF THE ARBITRATION CLAUSE.
 II. THE TRIAL COURT ERRED IN RULING THAT THE ARBITRATION CLAUSE WAS NOT UNCONSCIONABLE.
In their first assignment of error, appellants complain that the trial court failed to conduct a proper hearing when it failed to admit the prior contemporaneous oral agreements which they allege constitute the fraudulent inducements by which appellant Sally Dunn was compelled to enter into this contract. Specifically, appellants assert that they were fraudulently induced to agree to the contract terms because of appellees' numerous false promises regarding building permits, licensed subcontractors, the adherence to the contractual terms, and the timeliness of completion of the contracted work. Essentially, appellants argue that pursuant to R.C. 2711.03 they are entitled to a jury trial on the sole issue of the validity of the arbitration provision. Appellees, on the other hand, claim that because appellants failed to present evidence that any fraud in the inducement of the arbitration provision existed, then trial on the issue of the validity of the arbitration provision is not warranted.
"Ohio and federal courts encourage arbitration to settle disputes. [Citations omitted.]" ABM Farms Inc. v. Woods (1998), 81 Ohio St.3d 498,500; see, also, Williams v. Aetna FinCo. (1998), 83 Ohio St.3d 464. We are mindful of the strong presumption in favor of arbitration as an efficient and economical alternative dispute mechanism. See Schaefer v.Allstate Ins. Co. (1992), 63 Ohio St.3d 708, 711; Gaffney v. Powell
(1995), 107 Ohio App.3d 315, 320. An arbitration clause in a contract is generally viewed as an expression that the parties agree to arbitrate disagreements within the scope of the arbitration clause, and with limited exceptions an arbitration clause is to be upheld just as any other provision in a contract should be respected. Council of SmallerEnterprises v. Gates, McDonald Co. (1998), 80 Ohio St. 661, 668. However, parties cannot be compelled to arbitrate a dispute which they have not agreed to submit to arbitration. Piqua v. Ohio Farmers Ins. Co.
(1992), 84 Ohio App.3d 619, 621; Teramar Corp. v. Rodier Corp. (1987),40 Ohio App.3d 39, 40; St. Vincent Charity Hosp. v. URS Consultants, Inc. (1996), 111 Ohio App.3d 791, 793. Palkovitz v. Fraiberg (1997),122 Ohio App.3d 712, 714.
Appellees moved for dismissal of the case and an order compelling arbitration of appellants' complaints pursuant to R.C. 2711.01, et seq. R.C. Chapter 2711 mirrors the federal jurisprudence in its acknowledgment of the severability of the arbitration clause from the remainder of the contract. ABM Farms, supra at 501.
R.C. 2711.01 provides:
 (A) A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.
R.C. 2711.03 clearly provides that only when the making of the arbitration clause is itself at issue may the trial court proceed to try the action by stating:
 The court shall hear the parties [upon the issue of whether the case should proceed to arbitration], and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement. If the making of the arbitration agreement or the failure to perform it is in issue, the court shall proceed summarily to the trial thereof.
As relevant to this appeal, we read this provision of the code to contemplate a two-step process to be undertaken by the court in its determination of how to proceed with the matter. First, the trial court is mandated to hold a hearing to satisfy itself as to whether the "making of the arbitration agreement is in issue." Second, if the court finds that the making of the agreement is in issue, it "shall proceed summarily to the trial" on the issue of the making of the arbitration agreement. R.C. 2711.03
In this case, the arbitration clause in the contract provides:
 E. Any claim or controversy arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof.
In Prima Paint Corp. v. Flood Conklin Mfg. Co. (1967), 388 U.S. 395,87 S.Ct. 1801, 18 L.Ed.2d 1270, the Supreme Court held that the terms of the arbitration clause in the contract were broad enough to encompass disputes over whether the entire contract at issue was fraudulently induced. In ABM Farms, Inc. v. Woods (1998), 81 Ohio St. 498, our supreme court considered a similar challenge to an arbitration provision in a contract. In ABM, the court reasoned that because the arbitration clause is a separate entity, it only follows that an alleged failure of the contract in which it is contained does not affect the provision itself. The arbitration provision remains the vehicle by which the legitimacy of the remainder of the contract is decided. Therefore, the ABM Farms court held that "to defeat a motion for stay brought pursuant to R.C. 2911.02 a party must demonstrate that the arbitration provision itself in the contract at issue, and not merely the contract in general, was fraudulently induced. Krafcik v. USA Energy Consultants, Inc. (1995),107 Ohio App.3d 59, 63." Id. at 502. Thus, when faced with a broad arbitration clause unlimited as to the nature of the dispute, such as the one in this matter, the trial court must limit its inquiries to the allegations that the separate arbitration agreement within the contract is invalid. Therefore, the trial court is precluded from considering at hearing, claims that the contract itself was fraudulently induced, as those claims are properly subject to arbitration. As such, the trial court properly limited the scope to the evidence presented to those matters which only impacted the allegation of fraud in the inducement of the arbitration provision of the contract itself.
In order to show fraud in the inducement, a party must show that the other party made a knowing, material misrepresentation with the intent of inducing reliance and, in fact, that the party did rely on the misrepresentation to her detriment. See, generally, Beer v. Griffith
(1980), 61 Ohio St. 119, 123.
In ABM Farms, as here, the party challenging the arbitration provision of the contract sought to be excused from the arbitration provision of the contract on the grounds that she had been fraudulently induced to enter into the contract. In each case, the party challenging the arbitration provision conceded that she failed to carefully read the arbitration provision in question. Moreover, neither Ms. Woods nor appellant allege that the other contracting party made any misrepresentations concerning the arbitration clause itself. Indeed, in both cases the party challenging the arbitration provision agreed that the arbitration provision was not even discussed. Therefore, although the trial court permitted appellants to present evidence going to those matters which impacted the allegation of fraud in the inducement of the arbitration provision itself, appellants failed to show that any misrepresentation was made which induced her to enter into the arbitration provision of the agreement. Appellants were further unable to demonstrate that they relied to their detriment on any representation concerning the arbitration provision.
Thus, the record reflects that no evidence was presented which could warrant a conclusion that a factual dispute exists as to whether appellants were fraudulently induced to agree to the arbitration provision of the contract. Absent any conflicting evidence of fraud in the inducement of the arbitration provision, the trial court was satisfied that the making of the arbitration provision itself was not in issue.
Having made that determination, the trial court proceeded to the second step contemplated by the statute and it ordered the parties to arbitrate their dispute in accordance with the terms of the agreement. Thus, in this case, as in ABM Farms, the court, upon consideration of the absence of any conflicting evidence as to any fraud in the inducement of the arbitration clause itself, could only conclude that the validity of the arbitration clause was not in issue and no jury trial on that issue was warranted. This is not to say that appellants' arguments of fraud in the inducement of the contract itself are without merit. Indeed, arbitration remains the "vehicle by which the legitimacy of the remainder of the contract may be decided." ABM Farms, supra at 502. Accordingly, appellants' first assignment of error is not well taken.
In their second assignment of error, appellants, in reliance onWilliams v. Aetna Fin.Co. (1998), 83 Ohio St.3d 464, argue that the trial court erred in its finding that the arbitration clause was "not unconscionable."
Under Ohio law, a contract clause is unconscionable where one party has been misled as to its meaning, where a severe imbalance of bargaining power exists or where the specific contractual clause is outrageous.Orlett v. Suburban Propane (1989), 54 Ohio App.3d 127, 129. Unconscionability is generally recognized to include an absence of meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party. Collins v. Click Camera Video, Inc. (1993), 86 Ohio App.3d 826,834. Unconscionability thus embodies two separate concepts: "(1) unfair and unreasonable contract terms, i.e., `substantive unconscionability,' and (2) individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible, i.e., `procedural unconscionability[.]' * * *." Id.
In Williams, supra, our supreme court found that the presumption in favor of arbitration was overcome on the basis of the attendant facts and circumstances demonstrated in the entire record. In Williams, a pitchman shown to be in alliance with the defendant financing company perpetrated a scheme to secure high interest loans by preying upon elderly homeowners in need of home repairs. The scheme included: 1) a two-step financing mechanism with a financing rate of interest of 27.4 percent and 17.8 percent (twenty-seven point four per cent and seventeen point eight percent), respectively; 2) the planned failure of performance of the contracted construction work; 3) the potential inability of the homeowners to make onerous payments; and, ultimately, 4) the planned foreclosure on their properties. With this background the trial court, court of appeals and our supreme court refused enforcement of the arbitration provision of the financing contract. Our supreme court reasoned that "[t]he record in this case clearly would support a finding that the arbitration clause violated principles of equity, given all the attendant facts and circumstances." Williams, supra at 472.
We find those egregious circumstances to be distinguishable from those in the within matter. In this case, the opinion of the trial court reveals that it considered the arguments of the parties and found the clause providing for arbitration of all disputes not to be unconscionable under the circumstances presented.
Appellants in their complaint alleged that the arbitration provision is unconscionable because: (1) of their weaker bargaining position, (2) the contract was an adhesion contract, and (3) they were not afforded a meaningful choice of terms. However, the evidence does not demonstrate that appellants were "duped" into a usurious financing scheme by a pitchman who had no intention of performing the contracted home improvements. Moreover, in this case, the arbitration provision is embodied in the construction contract, not the financing agreement. Appellants did not complain that the terms of the financing agreement were oppressive. It is undisputed that these appellants had three days to cancel the construction contract, which included the arbitration provision; but they failed to take advantage of this right. Further, there was no evidence in the record that the rules establishing the prerequites to achieving an arbitration hearing were one-sided and no evidence that the arbitration procedural rules would be oppressive. Finally, the record demonstrates that the trial court considered appellants' argument that the contract provision was unconscionable due to the expense involved in the arbitration and upon consideration of the facts presented, found that the arbitration provision could not be considered unconscionable because of excessive costs.
Accordingly, we find no abuse of the trial court's discretion in its conclusion based upon the evidence before it. We find appellants' second assignment of error to be without merit.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________ TIMOTHY E. McMONAGLE PRESIDING JUDGE
JAMES D. SWEENEY, J. and
JAMES M. PORTER, CONCUR.