UNION TOWNSHIP, CLERMONT COUNTY, Appellant,

v.

UNION TOWNSHIP PROFESSIONAL FIREFIGHTERS'
LOCAL 3412 et al., Appellees.

[Cite as *Union Twp., Clermont Cty. v. Union Twp. Professional
Firefighters' Local 3412* (2001), 142 Ohio App.3d 542.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA2000-08-064.

Decided April 16, 2001.

*Schroeder, Maundrell, Barbiere & Powers* and *Lawrence E. Barbiere,* for appellant.

*Haynes & Snyder* and *Terrell B. Snyder,* for appellees.

WALSH, Judge.

Plaintiff-appellant, Union Township, Clermont County, Ohio ("Union Township"), appeals the decision of the Clermont County Court of Common Pleas dismissing its complaint for declaratory judgment filed against defendants-appellees, Union Township Professional Firefighters' Local 3412 ("Local 3412"), James Watkins, and Spencer Thomas (collectively, "appellees"). Union Township's declaratory judgment complaint asked the common pleas court to prohibit Local 3412 from pursuing grievance arbitration proceedings stemming from the Union Township Trustees' decision to terminate Watkins and Thomas from the Union Township Fire Department ("UTFD"). We affirm the common pleas court's order dismissing the action.

On May 15, 1996, Union Township entered into a collective bargaining agreement ("CBA") with Local 3412 on behalf of the firefighters employed by the UTFD. The CBA was effective through May 14, 1999. Watkins and Thomas were firefighters employed by Union Township as part of the UTFD when the CBA was adopted. Watkins was the president of Local 3412.

On February 1, 1999, Chief Stanley Deimling of the UTFD provided information to Ken Geis, Union Township's administrator, recommending that Watkins's and Thomas's employment with UTFD be terminated. The recommendation

arose from Watkins's and Thomas's refusal to give information concerning alleged public misconduct by another UTFD employee, Captain Jay Turpin. Both Watkins and Thomas alleged that to do so would reveal confidential union information. Geis notified Watkins and Thomas that he would conduct a predisciplinary hearing on February 18, 1999. Following that hearing, at which both men refused to disclose the sought-after information, Geis advised the Union Township Trustees in writing about the proposed termination of Watkins and Thomas.

On March 9, 1999, the Union Township Trustees held a hearing with respect to the proposed termination of Watkins and Thomas. Evidence was presented at the hearing, and both Watkins and Thomas were present and represented by counsel. At the conclusion of the hearing, the trustees unanimously voted to terminate Watkins's and Thomas's employment with the UTFD.

On March 15, 1999, Watkins and Thomas filed separate formal grievances with Captain Dreyer of the UTFD through Local 3412.[1] Grievance proceedings within Local 3412 proceeded according to the grievance procedures prescribed in the CBA. After three initial steps of review failed to resolve the grievances, Watkins and Thomas, with Local 3412 as their representative, demanded arbitration of the grievance claims. On March 24 and April 6, 1999, Union Township notified counsel for appellees that it felt that the grievance claims were not arbitrable under the CBA. In the April 6, 1999 letter, Geis expressly denied the grievances, stating that appellees' only recourse was to appeal the trustees' decision to the court of common pleas.

On April 20, 1999, appellees' counsel sent a letter to Geis, contending that the grievances were arbitrable under the CBA. In that letter, they asserted that appeal to the court of common pleas was not the sole remedy under the CBA. Appellees requested that Union Township submit a list of acceptable arbitrators so that arbitration proceedings could begin. On June 23, 1999, Union Township filed a complaint in the common pleas court against appellees seeking a declaratory judgment that, under the CBA, appeal to the court of common pleas was the sole remedy for Watkins's and Thomas's termination by the trustees.

---

1. On March 25, 1999, Local 3412 filed unfair labor practice charges ("ULPs") with the State Employment Relations Board ("SERB"), claiming that Union Township's actions in firing Watkins and Thomas interfered with their rights to engage in protected concerted activity. SERB held an administrative hearing on the charges, after which it found that Union Township had committed ULPs and reinstated Watkins's and Thomas's employment. SERB's jurisdiction over the ULPs and the propriety of its order is addressed in a separate but related decision issued by this court. *State Emp. Relations Bd. v. Union Twp.* (2001), 142 Ohio App.3d 199, 755 N.E.2d 369.

On July 16, 1999, Union Township filed a motion for a preliminary injunction to prevent appellees from proceeding to arbitration. On July 26, 1999, appellees filed an answer and counterclaim. In their counterclaim, appellees requested that the court dismiss the complaint, find that the grievances were arbitrable under the CBA, and order Union Township to participate in arbitration under the CBA. On July 29, 1999, appellees filed a memorandum in opposition to Union Township's motion for a preliminary injunction. On August 11, 1999, Union Township filed a reply to appellees' counterclaim.

On July 30, 1999, the common pleas court held a hearing on Union Township's motion for a preliminary injunction. On August 6, 1999, the common pleas court filed a lengthy decision denying the motion. In its decision, the common pleas court found that the CBA arbitration clause did not include language expressly excluding grievances from the arbitration procedures in the CBA. The common pleas court found that Union Township was unable to establish by clear and convincing evidence any of the elements necessary to issue a preliminary injunction.

Union Township appealed the common pleas court's order denying the preliminary injunction. In a decision issued in *Union Twp. v. Union Twp. Professional Firefighters' Local 3412* (Feb. 14, 2000), Clermont App. No. CA99–08–082, unreported, 2000 WL 189959 (hereinafter *Firefighters' I*), this court found that the common pleas court did not abuse its discretion in overruling Union Township's motion for preliminary injunction.

Thereafter, on May 24, 2000, appellees filed a motion to dismiss Union Township's complaint for declaratory judgment. Appellees claimed in the motion to dismiss that the common pleas court had no jurisdiction to determine the arbitrability of the grievances that Watkins and Thomas filed because the CBA specifically left the decision about jurisdiction to the arbitrator. After holding a hearing on the motion to dismiss, the common pleas court agreed with appellees that it had no jurisdiction to decide the arbitrability of the grievances. The common pleas court granted appellees' motion and dismissed the complaint for declaratory judgment. Union Township now appeals the common pleas court's order dismissing its complaint.

Assignment of Error No. 1:

"Whether the fact that a collective bargaining agreement contains a grievance procedure with respect to issues not relating to discipline divests the common pleas court of the authority to determine whether discharge, demotion or termination are arbitrable."

Union Township claims that the common pleas court erred in holding that the parties had agreed to allow the arbitrator to resolve questions of arbitrability

because the grievance procedure provided in the CBA does not apply to discharge, demotion, or suspension and because R.C. 505.38 requires firefighters to appeal a termination to the common pleas court. Appellees respond that the common pleas court properly found that it did not have the authority to determine arbitrability because the CBA specified that the arbitrator had such authority, and there is no support for the proposition that R.C. 505.38 provides the sole remedy for the firefighters' termination.

As this matter arises because the common pleas court granted a motion for judgment on the pleadings pursuant to Civ.R. 12(C),[2] this court must conduct a *de novo* review of all legal issues without deference to the determination of the common pleas court. *Fontbank, Inc. v. CompuServe, Inc.* (2000), 138 Ohio App.3d 801, 807, 742 N.E.2d 674, 677–678, citing *Flanagan v. Williams* (1993), 87 Ohio App.3d 768, 772, 623 N.E.2d 185, 187–188. Since Civ.R. 12(C) motions are specifically for resolving questions of law, dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true and (2) finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931, 936. Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law. *Id.*

The dispositive issue in this case is whether the common pleas court had jurisdiction to determine whether appellees' grievances were arbitrable under the CBA. Generally, the question of whether a controversy is arbitrable under a contract is a question of law for the common pleas court to decide upon an examination of the contract. *McGuffey v. LensCrafters, Inc.* (2001), 141 Ohio App.3d 44, 51, 749 N.E.2d 825, 831, citing *Neubrander v. Dean Witter Reynolds, Inc.* (1992), 81 Ohio App.3d 308, 311, 610 N.E.2d 1089, 1090–1091, and *Gibbons–Grable Co. v. Gilbane Building Co.* (1986), 34 Ohio App.3d 170, 172, 517 N.E.2d 559, 561–562. Arbitration is a matter of contract. See *Williams v. Aetna Finance Co.* (1998), 83 Ohio St.3d 464, 471, 700 N.E.2d 859, 865. Therefore, a party cannot be compelled to arbitrate any dispute that he has not agreed to submit to arbitration. *Piqua v. Ohio Farmers Ins. Co.* (1992), 84 Ohio App.3d 619, 621, 617 N.E.2d 780, 781–782, citing *Teramar Corp. v. Rodier Corp.* (1987), 40 Ohio App.3d 39, 40, 531 N.E.2d 721, 722–723.

---

2. Although appellees' motion to dismiss alleges a lack of jurisdiction that would constitute a defense under Civ.R. 12(B)(1), the common pleas court viewed appellees' motion to dismiss as a motion for judgment on the pleadings pursuant to Civ.R. 12(C) because appellees filed the motion after the pleadings had closed. *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931, 936.

Nonetheless, a presumption favoring arbitration arises when the claim in dispute falls within the scope of an arbitration provision. *Williams,* 83 Ohio St.3d at 471, 700 N.E.2d at 865. An arbitration clause in a contract should not be denied effect unless it can be said with positive assurance that the clause is not susceptible of an interpretation that covers the asserted dispute. *Gibbons–Grable,* 34 Ohio App.3d at 172, 517 N.E.2d at 561–562. Any dispute regarding whether an issue is within an arbitration term should be resolved in favor of coverage. *Id.*

Even the arbitrability of a dispute may itself be subject to arbitration if the parties so agree. *Springfield Local Assn. of Classroom Teachers v. Springfield Local School Dist.Bd. of Edn.* (1987), 37 Ohio App.3d 167, 168, 525 N.E.2d 27, 28–29, citing *Vulcan–Cincinnati, Inc. v. United Steelworkers of America* (1960), 113 Ohio App. 360, 17 O.O.2d 386, 173 N.E.2d 709. Parties can by express provision confer power upon an arbitrator to determine whether the arbitrator has jurisdiction to pass upon his own jurisdiction as well as to pass upon the subject matter submitted. *Gaffney v. Powell* (1995), 107 Ohio App.3d 315, 319, 668 N.E.2d 951, 953–954; *F.O.P. Lodge # 126 v. Austintown Twp.* (Apr. 4, 1991), Mahoning App. No. 90 C.A. 31, unreported, 1991 WL 47415, *1. Thus, the common pleas court does not determine the issue of arbitrability where the contract itself reserves the question of arbitrability for the arbitrator. See *Gaffney,* 107 Ohio App.3d at 319, 668 N.E.2d at 953–954.

Here, Union Township contends that the common pleas court erred in dismissing the complaint because the grievance procedure in the CBA does not provide for arbitration with respect to the terms of employment and, specifically, discipline. We have already determined that the arbitration clause is susceptible of an interpretation that may cover the asserted dispute. In finding that the preliminary injunction was unwarranted in *Firefighters' I,* this court found that the CBA's broad arbitration clause could lead to two reasonable interpretations about the type of grievance subject to arbitration. Clermont App. No. CA99–08–082, unreported, at 16–17. We found that the CBA could reasonably be interpreted to mean that grievance procedures were not intended to include disciplinary matters so that appeal to the common pleas court was the only remedy. *Id.* The CBA could also be read to provide aggrieved employees the option of appealing to the court of common pleas or filing a grievance through Local 3412 and pursuing arbitration when an alleged breach, misinterpretation, or misapplication of the CBA has occurred. *Id.*

When initially determining whether the arbitration clause was susceptible of an interpretation that covers the asserted dispute, the common pleas court was obliged to determine whether the CBA's grievance procedures could include the grievances raised by the firefighters. Although a common pleas court, when

deciding arbitrability, should confine itself to that issue, the court may rule on the merits, *if it must,* to determine the issue's arbitrability. *Cleveland Police Patrolmen's Assn. v. Cleveland* (1994), 95 Ohio App.3d 645, 651, 643 N.E.2d 559, 563. In its decision, the common pleas court found that the CBA, in Section 14.1, contained a grievance procedure that defined a "grievance" as an allegation by a bargaining unit employee that there has been a breach, misinterpretation, or improper application of the CBA. Consistent with *Firefighters' I,* the court correctly found that the CBA did not explicitly exclude discipline from the grievance procedure.

 Where there is ambiguity as to what type of arbitration clause is contained in an agreement, or whether arbitration is applicable, doubts must be resolved in favor of arbitration. *Neubrander,* 81 Ohio App.3d at 311, 610 N.E.2d at 1090–1091. The common pleas court relied upon one of the possible interpretations of the CBA that we found reasonable in finding that the CBA may permit aggrieved employees to pursue arbitration under the CBA. The common pleas court recognized, however, that the parties to the CBA have, by express provision, conferred power upon an arbitrator to determine whether he or she had jurisdiction to pass upon the question involved.

As the common pleas court noted, Section 14.3 of the CBA sets out four steps that must be used for processing grievances. The first three steps of the grievance procedure require that the grievant present written grievances to the captain, then to the fire chief, and finally to the township administrator. If grievances are not resolved after the first three steps of the procedure, the fourth step provides that the grievances may be submitted for arbitration. Section 14.3(B) requires the parties to raise the issue of arbitrability of a grievance before the arbitration hearing and requires the arbitrator to determine the arbitrability of claims that could be covered by the CBA's grievance procedures. That section reads:

"B. The question of arbitrability of a grievance must be raised by either party before the arbitration hearing of the grievance, on the grounds that the matter is non-arbitrable or beyond the arbitrator's jurisdiction. If the arbitrator determines the grievance is within the purview of arbitrability, the alleged grievance will be heard on its merits before the same arbitrator."

 Under Section 14.3(B), the parties expressly conferred power upon the arbitrator to determine whether he or she had jurisdiction to pass upon the question involved, *i.e.,* whether a claimed grievance is arbitrable under the CBA. Where a collective bargaining agreement reserves a jurisdictional determination for the arbitrator, a common pleas court should not make an independent determination of the arbitrability of a grievance. See *Springfield Teachers,* 37

Ohio App.3d at 169, 525 N.E.2d at 29. Given the CBA's express provision, the question of jurisdiction is not a matter of law to be decided by the court. See *F.O.P. Lodge # 126,* 1991 WL 47415, at *1.

Accordingly, the common pleas court correctly determined that it could not, as a matter of law, determine arbitrability but that the CBA requires the arbitrator to determine whether he or she has jurisdiction. Since the court had no jurisdiction to determine arbitrability under the CBA, it dismissed the case, finding that appellees were entitled to judgment as a matter of law. Union Township insists, however, that the arbitrator's jurisdiction to determine the firefighters' grievances has been usurped by R.C. 505.38. Because the firefighters' grievances function as an appeal from the termination of their employment, Union Township contends, R.C. 505.38 mandates that their sole remedy is an appeal of their terminations to the common pleas court.

In *State Emp. Relations Bd. v. Union Twp.* (2001), 142 Ohio App.3d 199, 755 N.E.2d 369, this court determined that R.C. 505.38, which allows a firefighter to appeal his termination to the common pleas court, involves substantively different determinations from claims charging unfair labor practices ("ULPs") filed with SERB under R.C. 4117.11. Consequently, R.C. 505.38 and 4117.11 do not conflict, and nothing prevents an appeal alleging an independent cause of action from being maintained at the same time as ULP charges. 142 Ohio App.3d at 206, 755 N.E.2d at 374–375. Now we are presented with the question of whether an appeal under R.C. 505.38 may be maintained at the same time as arbitration of the firefighters' grievances under the CBA.

Admittedly, this question is a closer call, but it is not our call to make. In Union Township's view, the CBA did not provide for arbitration of discipline that it imposed on the firefighters so that an appeal from their termination under R.C. 505.38 was the only remedy. While noting that R.C. 505.38(A) provides that any appeal is solely to determine "the sufficiency of the cause of removal" of a firefighter, we determined in *Firefighters' I* that there had yet to be a determination as to whether the CBA mandates arbitration of appellees' grievances, appeal to the court of common pleas, or a choice of these alternatives. Clermont App. No. CA99–08–082, unreported, at 18. Indeed, no such ruling has been made at this time.

The CBA specifically left the determination of the arbitrability of a grievance to an arbitrator chosen in accordance with the CBA's procedures. It is for the arbitrator to decide, consistent with our opinion in *Firefighters' I,* whether the firefighters' grievances assert rights arising under the CBA that may be maintained independently of an action in the common pleas court or whether their grievances amount to an appeal of their termination under R.C. 505.38 and arbitration is precluded. It is also worth noting that SERB's determination,

which we affirmed on appeal, reinstated Watkins and Thomas, with back pay, by way of SERB's broad remedial powers. *Union Twp.,* 142 Ohio App.3d at 204, 755 N.E.2d at 373. Since Watkins and Thomas requested the same relief in the grievances that they filed with Local 3412, arbitration on the merits of the grievances may be moot.

Union Township's assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and POWELL, J., concur.