OPINION
{¶ 1} Plaintiffs-appellants, Brian P. Drewry and Shelly K. Flatt-Drewry, appeal from the Clermont County Court of Common Pleas' decision granting defendant-appellee, Crossman Communities of Ohio, Inc.'s, motion to compel arbitration and stay the litigation pending arbitration.
 {¶ 2} On November 5, 2000, appellants entered into a contract with Crossman, whereby Crossman agreed to build, and appellants agreed to buy, a single-family residence to be located at 2519 Porchard Drive, in the city of Batavia, in Clermont County, Ohio. On June 29, 2001, Crossman conveyed the newly constructed residence to appellants.
 {¶ 3} The parties' contract initially provided for the residence to be covered by a limited warranty issued by the Residential Warranty Corporation ("RWC"). Paragraph 21 of the parties' contract states:
 {¶ 4} "21. BINDING ARBITRATION. The BUILDER'S limited warranty provided by BUILDER to PURCHASER through the [RWC] program requires that all disputes related to or arising out of the Builder's limited warranty shall be submitted to binding arbitration for resolution. * * * The parties to this Agreement hereby agree that any and all claims or disputes arising between them relating to or arising out of the BUILDER'S limited warranty provided through the RWC program, shall be submitted to the required binding arbitration for resolution."
 {¶ 5} However, on the same date the property was conveyed to appellants, the parties executed an addendum to the contract in which they agreed to replace the RWC limited warranty with the Bonded Builders Home Warranty Association ("BBHWA") limited warranty. The BBHWA limited warranty states, in relevant part, as follows:
 {¶ 6} "SECTION V: ARBITRATION
 {¶ 7} "If the Homeowner and Builder disagree on any claimed defective item(s) or resulting repair(s) in accordance with this Warranty and the Performance Standards (form BB-S401 attached hereto), the Builder or Homeowner may request an impartial third party arbitration. This request should be made after all attempts at mediation between the disagreeing parties have failed and should precede litigation (however, the right to judicial remedies may be exercised at any time) attempted by either party on items that are specifically included in this Warranty. * * * Builder agrees to abide by any decision rendered through impartial third party arbitration."
 {¶ 8} On June 26, 2002, appellants filed a complaint against Crossman, alleging that, since July 2001, they have experienced numerous problems with their new residence, including water incursion and mold growth, which appellants allege have resulted from the residence's defective construction. Appellants' complaint raised causes of action for breach of contract, negligence, breach of express and implied warranties, and violation of the Ohio Consumer Sales Practices Act. Appellants also sought rescission of their contract to purchase the new residence from Crossman.
 {¶ 9} Crossman responded to appellants' complaint by moving to dismiss it, pursuant to Civ.R. 12(B)(6), for failure to state a claim. Alternatively, Crossman moved to compel arbitration pursuant to the terms of the parties' contract and/or to stay the litigation pending arbitration. In support of its motion to compel arbitration, Crossman initially cited the RWC limited warranty referred to in paragraph 21 of the parties' contract. However, Crossman subsequently filed a supplemental memorandum in which it acknowledged that the RWC limited warranty had been replaced by the BBHWA limited warranty. Crossman asserted that while the language in the BBHWA limited warranty is "somewhat different" than the language in the RWC limited warranty, it, nevertheless, "clearly indicates that any and all disputes related to or arising out of the limited warranty shall be submitted to binding arbitration for resolution."
 {¶ 10} On September 30, 2002, the trial court issued a decision overruling Crossman's motion to dismiss for failure to state a claim, but sustaining Crossman's motion to compel arbitration and stay the litigation pending arbitration. In sustaining the latter motion, the trial court ruled that appellants' claims, all of which alleged faulty construction, were subject to binding arbitration as set forth in paragraph 21 of the parties' contract. The trial court made no mention of the fact that the RWC limited warranty had been replaced by the BBHWA limited warranty. The trial court also rejected appellants' alternative claim that the arbitration clause was an unenforceable contract of adhesion.
 {¶ 11} Appellants appeal from the trial court's decision, raising the following assignment of error:
 {¶ 12} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS IN GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY THE LITIGATION PENDING ARBITRATION."
 {¶ 13} Appellants raise two arguments under this assignment of error. First, appellants assert that the trial court erred in finding that the parties' contract mandates that any dispute between the parties arising out of Crossman's limited warranty be submitted to binding arbitration for resolution. We agree with this argument.
 {¶ 14} As a matter of policy, the law favors arbitration. Gaffneyv. Powell (1995), 107 Ohio App.3d 315, 320. A contractual clause providing for arbitration should not be deemed ineffective unless it is not susceptible to an interpretation that covers the dispute. Id. In this case, however, there is no contractual provision mandating arbitration. Instead, the parties' contract allows either party the right to pursue judicial remedies at any time.
 {¶ 15} Under the terms of the parties' initial agreement, the RWC limited warranty Crossman provided to appellants required that all disputes related to or arising out of the limited warranty had to be submitted to binding arbitration for resolution. However, as Crossman, itself, pointed out to the trial court in a supplemental reply memorandum, the parties executed an addendum to their original agreement, whereby they agreed to substitute the BBHWA limited warranty for the RWC limited warranty. In ruling that the parties' agreement mandated binding arbitration on appellants' claims relating to the alleged faulty construction of the new residence, the trial court either ignored Crossman's admission that the RWC limited warranty no longer applied between the parties, or accepted at face value Crossman's assertion that the differences in language between the RWC and BBHWA limited warranties were insubstantial. However, it is clear that the provisions of those two limited warranties are substantially different.
 {¶ 16} As stated in paragraph 21 of the parties' original agreement, the limited warranty provided to appellants through the RWC program "requires that all disputes related to or arising out of the Builder's limited warranty shall be submitted to binding arbitration for resolution." However, the BBHWA limited warranty provides that either "the Builder or Homeowner may request an impartial third party arbitration. This request should be made after all attempts at mediation between the disagreeing parties have failed and should precede litigation (however, the right to judicial remedies may be exercised at any time) attempted by either party on items that are specifically included in this Warranty." (Emphasis added.) As can be seen, the language in the RWC limited warranty is mandatory, while the language in the BBHWA limited warranty is precatory. Most importantly, the BBHWA limited warranty expressly states that "the right to judicial remedies may be exercised atany time." (Emphasis added.) Thus, it is clear that under the express terms of the BBHWA limited warranty, appellants are free to exercise their right to judicial remedies at any time, and the trial court erred by granting Crossman's motion to compel arbitration and stay the litigation pending arbitration.
 {¶ 17} Appellants' second argument is that the trial court erred in finding that the arbitration clause was valid and enforceable and not a contract of adhesion. This part of appellants' assignment of error has been rendered moot by our decision with respect to appellants' first argument. Therefore, we need not address it. See App.R. 12(A)(1)(c).
 {¶ 18} Appellants' sole assignment of error is sustained to the extent indicated.
 {¶ 19} The trial court's judgment is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.
VALEN, P.J., and YOUNG, J., concur.