[Cite as *United Ohio Ins. Co. v. Cent. Mut. Ins. Co.*, 2011-Ohio-2432.]

IN THE COURT OF APPEALS FOR DARKE COUNTY, OHIO

UNITED OHIO INSURANCE CO.     :

       Plaintiff-Appellee            :         C.A. CASE NO. 2010 CA 21

v.                                       :         T.C. NO.     10CV545

CENTRAL MUTUAL INSURANCE CO.      :          (Civil appeal from
                                                      Common Pleas Court)

       Defendant-Appellant          :

                                                   :

. . . . . . . . . .

**O P I N I O N**

Rendered on the      20th      day of      May     , 2011.

. . . . . . . . . .

JOHN P. PETRO, Atty. Reg. No. 0059604 and SUSAN S. R. PETRO, Atty. Reg. No. 0050558, 338 S. High Street, 2nd Floor, Columbus, Ohio 43215
       Attorneys for Plaintiff-Appellee

SAM A. BENSON, Atty. Reg. No. 0082199 and JAMES Y. OH, Atty. Reg. No. 0070325, 1100 Superior Avenue, 19th Floor, Cleveland, Ohio 44114
and
MARK W. MORAN, 12770 Coit Road, Suite 600, Dallas, Texas 75251
       Attorneys for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1} Central Mutual Insurance Company appeals from a judgment of the Darke County Court of Common Pleas, which vacated an arbitration award in favor of Central Mutual and against United Ohio Insurance Company in the amount of $76,547.99. For the

following reasons, the trial court's judgment will be reversed and the matter will be remanded for further proceedings.

I.

{¶ 2} In February 2008, Bunch Roofing Company installed a roofing system on commercial property owned by Jim Wroda. Approximately six months later, the roofing became detached during a wind storm and allowed water to leak. Wroda was insured by Central Mutual, which paid his claim for $71,547.99, minus a $5,000 deductible. Central Mutual notified Bunch Roofing of its potential subrogation claim for damages arising out of the negligent installation of the roof. Bunch Roofing, in turn, filed a claim with its insurer, United Ohio. In November 2008, United Ohio denied Bunch Roofing's claim under an exclusion provision in Bunch Roofing's policy. Central Mutual pursued its subrogation claim against United Ohio.

{¶ 3} Central Mutual and United Ohio are signatories to a Property Subrogation Arbitration Agreement, which requires the parties to forego litigation and submit property subrogation claims to Arbitration Forums, Inc. ("AF") for binding arbitration. Central Mutual submitted its claim to AF on December 18, 2009. United Ohio responded to the claim, asserting that it had denied coverage to Bunch Roofing for the loss "due to specific policy exclusions." United Ohio provided a copy of the denial of coverage letter that was sent to Bunch Roofing on November 25, 2008.

{¶ 4} The AF arbitration panel found in favor of Central Mutual in the amount of $76,547.99. (Central Mutual concedes that AF double-counted the deductible amount, and that it only was entitled to $71,547.99.) The panel concluded that Bunch Roofing had not

properly installed the membrane roof, that the company violated the Ohio Building Code, and that it was the cause of the roof failure. The panel denied United Ohio's affirmative defense, stating, "Respondent did not support why the coverage was denied. Only states for specific policy exclusions but doesn't explain what those exclusions are or supply a copy of the policy."

{¶ 5} Soon thereafter, United Ohio contacted AF to contest the arbitration decision regarding its affirmative defense. AF responded that "[t]he issue being addressed in your inquiry regarding the no coverage for this loss needed to have been asserted and supported at the time of the Arbitration Hearing. *** As the respondent [United Ohio] properly asserted the defense in the contentions as stated but failed to properly support the defense[,] the defense was denied and filing closed. ***" AF concluded that its award decision must remain final.

{¶ 6} In July 2010, United Ohio filed an "Application to Vacate Arbitration Award" in the Darke County Common Pleas Court. Simultaneously, United Ohio filed a motion for an order vacating the award. United Ohio argued that AF lacked jurisdiction to arbitrate the dispute, because United Ohio had denied coverage for the loss and provided the denial of coverage letter. Central Mutual filed an answer and a counterclaim seeking enforcement of the arbitration award. Central Mutual opposed the motion to vacate and moved for an order confirming and enforcing the arbitration award. It argued that United Ohio had agreed to allow AF to determine whether it (AF) had made a jurisdictional error, that AF had concluded that jurisdiction was proper, and that AF properly determined that United Ohio had failed to support its affirmative defense.

{¶ 7} The trial court granted the motion to vacate the arbitration award and denied Central Mutual's motion to confirm and enforce the award. The court reasoned that, under section 2-4 of the AF Arbitration Rules, AF lacked jurisdiction once United Ohio raised denial of coverage and provided a copy of the denial letter. The court ordered that costs be divided equally.

{¶ 8} Central Mutual appeals from the trial court's decision, raising two assignments of error.

II

{¶ 9} Central Mutual's first assignment of error states:

{¶ 10} "THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE UNITED OHIO INSURANCE COMPANY'S MOTION TO VACATE ARBITRATION AWARD AND OVERRULING DEFENDANT-APPELLANT CENTRAL MUTUAL INSURANCE COMPANY'S MOTION TO CONFIRM AND ENFORCE ARBITRATION AWARD."

{¶ 11} Central Mutual claims that the trial court erred in granting the motion to vacate the arbitration award and denying its motion to confirm and enforce the award.

{¶ 12} "Appellate review of an arbitration award is confined to an evaluation of the judicial order confirming, modifying, or vacating the award; we do not review the merits of the arbitrator's award." *Sicor Secs., Inc. v. Albert*, Montgomery App. No. 22799, 2010-Ohio-217, citing, e.g., *Warren Educ. Assn. v. Warren City Bd. of Educ.* (1985), 18 Ohio St.3d 170, 174.

{¶ 13} "Judicial review of arbitration awards is limited in order to encourage parties

to resolve their disputes with arbitration. This has long been public policy in Ohio. The state and courts encourage arbitration because it 'provides parties with a relatively speedy and inexpensive method of conflict resolution and has the additional advantage of unburdening crowded court dockets.' Appellate courts must ensure that trial courts, the front line of arbitral review, do not exceed the scope of their review authority. Otherwise, '[a]rbitration, which is intended to avoid litigation, would instead merely become a system of "junior varsity trial courts" offering the losing party complete and rigorous de novo review.' Thus, judicial review of an arbitrator's award is strictly limited, 'and where a reviewing court exceeds the permissible scope of review such judgment will be reversed.'" (Internal citations omitted.) *Piqua v. Fraternal Order of Police*, 185 Ohio App.3d 496, 2009-Ohio-6591, ¶16.

{¶ 14} "The grounds upon which a trial court may vacate an arbitrator's award are few and narrow." *Piqua* at ¶19, citing *Dayton v. Internatl. Assoc. of Firefighters*, Montgomery App. No. 21681, 2007-Ohio-1337. R.C. 2711.10 identifies four grounds upon which a common pleas court may vacate an arbitration award. United Ohio relied primarily upon R.C. 2711.10(D), which authorizes a common pleas court to vacate an arbitration award when "[t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." The trial court granted the motion to vacate on that basis.

{¶ 15} We review the trial court's order de novo. *Piqua* at ¶15; *Sicor Secs.*, supra.

{¶ 16} It is undisputed that the parties signed the arbitration agreement and are subject to AF's Rules. Section Two of those Rules sets forth the arbitration procedures.

Of relevance, Section 2-4 provides:

{¶ 17} "The parties must raise and support affirmative pleadings or defenses in the *Affirmative Defenses/Pleadings* section of the Contentions Sheet or they are waived. If a denial of coverage is being pled (see denial of coverage definition), a copy of the denial of coverage letter to the party seeking coverage for the loss must be provided as part of the evidentiary material submitted. If provided, the case will be administratively closed as lacking jurisdiction. If not provided or where the issue concerns concurrent coverage (Article First (b), Special Arbitration Agreement), the case will proceed to hearing wherein the arbitrator(s) will consider and rule on the coverage defense." (Emphasis sic.)

{¶ 18} The Definitions portion of the Rules defines "denial of coverage" as "A company's assertion that the entity(ies) and/or individual(s) involved in the accident, occurrence, or event in dispute is not covered under the company's policy of insurance, or that there was no policy in effect at the time of the accident, occurrence, or event. (It is not a denial of coverage as long as the company admits that the party(ies) is an insured under the policy in effect at the time of accident, occurrence, or event, i.e. primary/excess coverage, policy limits, or the claim is being handled under a reservation of rights.)"

{¶ 19} Central Mutual claims that United Ohio's denial of coverage defense did not meet the definition of "denial of coverage" in AF's Rules and, thus, the trial court erred in concluding that AF lacked jurisdiction over its claim. Central Mutual argues that United Ohio merely raised the affirmative defense that coverage for the claim was excluded under its policy of insurance and that AF properly concluded that United Ohio had failed to support that defense. United Ohio responds that it properly raised a "denial of coverage" defense,

because its policy exclusions left its insured without coverage for the occurrence that caused Central Mutual's loss. United Ohio asserts that the arbitration award was a nullity and was properly vacated.

{¶ 20} As an initial matter, Central Mutual argues that United Ohio waived judicial review of jurisdictional errors when it agreed in Section 4-2 that such errors were subject to the arbitrator's "sole discretion." Section 4-2 provides:

{¶ 21} "Pursuant to Article Third, the arbitrating companies must provide written notice of a clerical or jurisdictional error to AF within 30 days after the decision's publication date. The determination as to whether or not an actual error was made is at AF's sole discretion and is not subject to further review, appeal, or inquiry. AF may also find and correct clerical or jurisdictional errors without notice from the arbitrating companies within 30 days after publication of the decision."

{¶ 22} Under the AF Rules, a "jurisdictional error *** [o]ccurs when an arbitrator: fails to rule on an Affirmative Defense; asserts an Affirmative Defense not plead by a party; renders a decision on an issue not in dispute or over which arbitration lacks jurisdiction; or, improperly dismisses a case for lack of jurisdiction where jurisdiction exists."

{¶ 23} "Even the arbitrability of a dispute may itself be subject to arbitration if the parties so agree. Parties can by express provision confer power upon an arbitrator to determine whether the arbitrator has jurisdiction to pass upon his own jurisdiction as well as to pass upon the subject matter submitted. Thus, the common pleas court does not determine the issue of arbitrability where the contract itself reserves the question of arbitrability for the arbitrator." (Internal citations omitted.) *Union Twp., Clermont Cty. v.*

*Union Twp. Professional Firefighters' Local 3412* (2001), 142 Ohio App.3d 542, 548.

{¶ 24} AF's Rules expressly provide that AF has jurisdiction to determine whether a "jurisdictional error" – such as the failure to dismiss for lack of jurisdiction – has occurred and that such a decision is not subject to appeal. Under these circumstances, United Ohio lacked the ability to challenge, in the common pleas court, AF's decision finding no jurisdictional error.

{¶ 25} Even if the issue of AF's jurisdiction had been properly before the trial court, we would find that AF's definition of "denial of coverage" supports AF's actions and would require reversal of the trial court's judgment. As stated above, "denial of coverage" means an assertion that the entity involved in the occurrence, e.g. Bunch Roofing, is not "covered" by the policy or there was no policy in effect at the time of the occurrence. The sentence in parentheses clarifies that an entity is "covered" as long as the entity "is an insured under the policy in effect at the time of the *** occurrence ***." Stated succinctly, "denial of coverage" means an assertion by the company (United Ohio) that the entity (Bunch Roofing) was not an insured of a policy issued by United Ohio that was in effect at the time of the occurrence, or that there was no policy in effect at the time of the occurrence.

{¶ 26} In its denial of coverage letter to Bunch Roofing, United Ohio told Bunch Roofing to refer to its policy of insurance, CPP 3006698 form CG 00 01, pages 5 and 15, which defined "your work" and indicated that "damage to your product" and "damage to your work" were excluded from coverage. United Ohio told Bunch Roofing that "we must deny payment of the cost to repair the roof at Wroda products, as your work is specifically excluded."

**{¶ 27}** In denying Bunch Roofing's claim, United Ohio did not inform Bunch Roofing that no policy was in effect at the time of the occurrence, i.e., the September 14, 2008, wind damage to the roof on Wroda's property. Nor did United Ohio claim that Bunch Roofing was not an insured under policy number CPP 3006698 at the time of the wind damage. To the contrary, United Ohio implicitly acknowledged that Bunch Roofing was an insured under policy number CPP 3006698 when it cited the exclusions as the basis for denying coverage for the loss. Thus, United Ohio's denial of Bunch Roofing's claim was not a "denial of coverage," within the meaning of the AF rules. Instead, United Ohio's denial of Bunch Roofing's claim on the basis that the policy excluded claims for "damage to your work" was an affirmative defense to Central Mutual's subrogation claim.

**{¶ 28}** Because United Ohio did not raise "denial of coverage," as defined by AF's Rules, the AF arbitrators did not "exceed their authority" when they failed to administratively close the claim for lack of jurisdiction. Rather, AF appropriately viewed United Ohio's assertion that the policy excluded coverage for the claim as an affirmative defense, for which United Ohio had the burden of proof. United Ohio has not presented any evidence that AF engaged in corruption, fraud, or misconduct. R.C. 2711.10(A)-(C). Accordingly, the trial court erred when it vacated the arbitration award under R.C. 2711.10(D). For the same reasons, the trial court erred when it denied Central Mutual's motion to confirm and enforce the arbitration award in the amount of $71,547.99, the amount Central Mutual concedes should have been awarded.

**{¶ 29}** The first assignment of error is sustained.

III

{¶ 30} Central Mutual's second assignment of error states:

{¶ 31} "THE TRIAL COURT ERRED BY FAILING TO AWARD CENTRAL INTEREST ON ALL MONIES DUE AND PAYABLE AND AWARD ALL COSTS INCLUDING LEGAL FEES AND EXPENSES INCURRED TO PURSUE COLLECTION OF THE AWARD."

{¶ 32} In its second assignment of error, Central Mutual claims that it was entitled to statutory interest and legal fees under Section 5-2 of AF's Rules. Central Mutual argues that the trial court erred when it ordered costs to be divided equally, contrary to Section 5-2.

{¶ 33} Central Mutual did not move for costs, interest, or legals fees as part of its motion to confirm and enforce the arbitration award, nor did it raise Section 5-2 before the trial court. We will not address those issues for the first time on appeal. However, in light of our disposition of the first assignment of error, the issues of costs, interest, and legal fees may be raised in the trial court upon remand.

{¶ 34} The second assignment of error is overruled.

IV

{¶ 35} The judgment of the trial court will be reversed, and the matter will be remanded for further proceedings.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

John P. Petro
Susan S. R. Petro
Sam A. Benson
James Y. Oh

Mark W. Moran
Hon. Jonathan P. Hein