**McGUFFEY et al., Appellants,**

**v.**

**LENSCRAFTERS, INC. et al., Appellees.**

[Cite as *McGuffey v. LensCrafters, Inc.* (2001), 141 Ohio App.3d 44.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2000–08–158.

Decided Jan. 22, 2001.

*Roger C. Stridsberg,* for appellants.

*Frost & Jacobs, LLP,* and *Mark J. Chumley,* for appellees.

---

WALSH, Judge.

In this accelerated appeal,[1] appellant, Rickie A. McGuffey, challenges the determination of the Butler County Court of Common Pleas that stayed her lawsuit pending arbitration pursuant to a written agreement with her former employer, LensCrafters, Inc. We affirm the trial court's order staying the proceedings.

In February 1999, and for the preceding nine years, appellant was employed by LensCrafters, Inc., as a buffer in the packing and quality assurance department of its technology center. On February 5, 1999, appellant attempted to speak to her supervisor, Jacalyn Campton, about a problem with eyeglass parts breaking. Campton allegedly grabbed appellant by the neck and shoulder, twisted appellant around, and pushed appellant in the back of her neck. Campton's actions caused appellant neck and back injuries and aggravated pre-existing conditions.

Appellant filed a claim seeking compensation for her injuries with the Ohio Bureau of Workers' Compensation. As a result of that claim, appellant received temporary total benefits and wage-loss compensation. Shortly after the incident, LensCrafters told appellant that she would be required to use her accrued personal leave while she was absent from work. On August 25, 1999, before she returned to work, LensCrafters fired appellant pursuant to its general leave policy.

Appellant sued LensCrafters and Campton in a four-count complaint after notifying LensCrafters of the impending lawsuit.[2] In Count I of the complaint, appellant alleged that LensCrafters had discharged her in contravention of R.C. 4123.90 by retaliating for filing a workers' compensation claim. Count II of appellant's complaint sought damages for Campton's act of assault and battery. In Count III of appellant's complaint, she alleged that LensCrafters committed an intentional tort against her through actions that Campton committed within the scope of employment. Count IV, filed by appellant's husband, alleged loss of consortium.

---

**1.** We *sua sponte* remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.

**2.** Appellant complied with the requirement that it notify LensCrafters of the action for retaliatory discharge within one hundred eighty days immediately following her discharge. R.C. 4123.90.

LensCrafters did not answer appellant's complaint but instead filed a motion to dismiss or in the alternative to stay the suit pending the arbitration required in a written agreement appellant had signed as a condition of her employment. After taking into account appellant's response and examining the arbitration provision in the written agreement, the trial court granted LensCrafters' motion. The trial court ordered all four of the claims in appellant's suit stayed pending arbitration.

Appellant now appeals the trial court's order staying the proceedings pending arbitration. The proper standard of review for determining whether the trial court properly ordered the proceedings stayed pending arbitration is the abuse-of-discretion standard. *Harsco v. Crane Carrier Co.* (1997), 122 Ohio App.3d 406, 410, 701 N.E.2d 1040, 1043. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Id.*

Appellant raises three assignments of error. We address appellant's assignments out of sequence.

### Assignment of Error No. 2:

"The court erred to the prejudice of plaintiffs–appellants [*sic*] by sustaining defendants' [*sic*] motion sending the case to arbitration without either converting it to a motion for summary judgment pursuant to Civil Rule 56, with notice of hearing and access to the other provisions of Civil Rule 56 or by overruling it, as the case was not yet at issue, no discovery had been conducted and the action of the court in referring the case to arbitration was premature at the very least."

Appellant contends that the trial court erred by failing to follow appropriate summary judgment procedures, as prescribed by Ohio's Rules of Civil Procedure, even though it converted LensCrafters' motion to stay the proceedings pending arbitration into a motion for summary judgment by considering matters outside the pleadings. LensCrafters responds that the trial court did not convert its motion to dismiss or stay into a motion for summary judgment, since the Civil Rules contain no provision that would allow the court to do so. Appellant also contends that the trial court prematurely sustained the motion for arbitration when LensCrafters had not yet raised the arbitration provision as an affirmative defense in an answer to the complaint. LensCrafters responds that the trial court properly referred the matter to arbitration once the court was satisfied that the statutory criteria for doing so had been met.

We first determine that the trial court did not convert LensCrafters' motion to dismiss or to stay the proceedings into a motion for summary judgment. Civ.R. 12(B) provides that a motion to dismiss for failure to state a claim upon which relief may be granted, pursuant to Civ.R. 12(B)(6), may become

a motion for summary judgment if the court considers matters outside the pleadings. LensCrafters' motion requested that the court dismiss the case under Civ.R. 12(B)(1). Civ.R. 12(B) contains no provision that would convert a Civ.R. 12(B)(1) motion, instead of a Civ.R. 12(B)(6) motion, into a motion for summary judgment when a court considers material extraneous to the pleadings.

Instead, a trial court has the authority to consider any pertinent evidentiary materials when determining its own jurisdiction under a Civ.R. 12(B)(1) motion. *Nemazee v. Mt. Sinai Med. Ctr.* (1990), 56 Ohio St.3d 109, 110, 564 N.E.2d 477, 478–479. The trial court is not confined to the allegations of the complaint when determining its subject matter jurisdiction pursuant to a Civ.R. 12(B)(1) motion to dismiss, and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment. *Southgate Dev. Corp. v. Columbia Gas Transmission Corp.* (1976), 48 Ohio St.2d 211, 2 O.O.3d 393, 358 N.E.2d 526, paragraph one of the syllabus; *Shockey v. Fouty* (1995), 106 Ohio App.3d 420, 424, 666 N.E.2d 304, 306. The trial court here properly considered the written agreement to determine whether dismissal or arbitration was appropriate without converting LensCrafters' motion into a motion for summary judgment.

Moreover, the trial court properly examined the written arbitration provision by utilizing the procedure enumerated in R.C. 2711.02. R.C. 2711.02 provides that a court "shall" stay proceedings pending arbitration "upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration[.]" This statute inherently presumes that the trial court will examine a written agreement to determine whether the issue is arbitrable.[3] Pursuant to R.C. 2711.02, the trial court properly examined the written agreement in order to determine whether appellant's claims were included within the arbitration provision.

Appellant also contends that the trial court's stay was "premature" because LensCrafters had not yet raised the arbitration provision as an affirmative defense in an answer to the complaint and had not engaged in discovery. R.C. 2711.02 provides no specific time period within which a party must file a motion to stay proceedings pending arbitration. *Harsco*, 122 Ohio App.3d at 410, 701 N.E.2d at 1043. However, a motion to stay pending arbitration must be made in a timely manner. See *id.* Had LensCrafters filed responsive pleadings without raising arbitration and failed to move for a stay, it would have waived the

---

3. We note, however, that an arbitration provision in a written agreement may confer power upon an arbitrator to determine whether he has jurisdiction to pass upon his own jurisdiction. *F.O.P. Lodge No. 126 v. Austintown Twp.* (Apr. 4, 1991), Mahoning County App. No. 90 C.A. 31, unreported at 1, 1991 WL 47415.

arbitration provision. *Austin v. Squire* (1997), 118 Ohio App.3d 35, 37, 691 N.E.2d ·1085, 1086; *Harsco,* 122 Ohio App.3d at 410, 701 N.E.2d at 1043.

■ When the opposite party, the potential defendant, is confronted with a filed lawsuit, the right to arbitrate can be saved by seeking enforcement of the arbitration clause. *Harsco,* 122 Ohio App.3d at 412, 701 N.E.2d at 1044. This is done under R.C. 2711.02 by application to stay the legal proceedings pending the arbitration. *Id.* LensCrafters, which followed this precise procedure, should not be penalized for promptly and appropriately asserting its right to arbitration.

While LensCrafters could have preserved its right by claiming arbitration as an affirmative defense in a responsive pleading, we hold that it was not required to engage in further litigation before the court stayed the action. The trial court properly considered the written agreement when ruling on LensCrafters' motion and properly ordered the stay at an appropriate point in the proceedings. Appellant's second assignment of error is overruled.

### Assignment of Error No. 1:

"The court erred to the prejudice of plaintiffs–appellants [*sic*] by sending the case of plaintiff–appellant, Rickie A. McGuffey against Jacalyn Campton to arbitration."

■ Appellant also claims that the trial court erred when it stayed all counts of the complaint, thus enforcing the arbitration provision as to her separate claim against Campton that may or may not involve LensCrafters' liability. LensCrafters responds that this claim is included within the scope of the arbitration provision's language.

■ Under R.C. 2711.02, when a court is presented with a motion to stay the proceedings pending arbitration, the court must as an initial matter determine that it is satisfied that the issue involved in the action is referable to arbitration under a written agreement that calls for arbitration. *Cross v. Carnes* (1998), 132 Ohio App.3d 157, 164, 724 N.E.2d 828, 833. The question of whether claims are subject to an arbitration provision in an employment agreement is a question of law for the court to decide upon an examination of the contract, unless the contract itself reserves the question for the arbitrator.[4] *Gaffney v. Powell* (1995), 107 Ohio App.3d 315, 319, 668 N.E.2d 951, 953–954; *Neubrander v. Dean Witter Reynolds, Inc.* (1992), 81 Ohio App.3d 308, 311, 610 N.E.2d 1089, 1090–

---

4. Since the arbitration provision at issue here did not reserve the question of arbitrability for the arbitrator's determination, the trial court properly made the determination regarding arbitrability of appellant's claims. See *Gaffney,* 107 Ohio App.3d at 319, 668 N.E.2d at 953–954.

1091; *Gibbons–Grable Co. v. Gilbane Bldg. Co.* (1986), 34 Ohio App.3d 170, 172, 517 N.E.2d 559, 561–562.

An arbitration clause in a contract should not be denied effect unless it may be said with positive assurance that the clause is not susceptible of an interpretation that covers the asserted dispute. *Gibbons–Grable*, 34 Ohio App.3d at 172, 517 N.E.2d at 561–562. A party cannot be compelled to arbitrate a dispute that it has not agreed to arbitrate. *Piqua v. Ohio Farmers Ins. Co.* (1992), 84 Ohio App.3d 619, 621, 617 N.E.2d 780, 781–782. Nonetheless, any dispute regarding whether an issue is within an arbitration term should be resolved in favor of coverage. *Gibbons–Grable*, 34 Ohio App.3d at 172, 517 N.E.2d at 561–562.

The pertinent language of the arbitration provision to which appellant agreed reads:

"The Arbitration portion of the dispute Resolution Process is intended to cover all disputes that you could otherwise file in court. That includes, but is not limited to, all claims brought under federal, state, and local statutory or common law, including: * * * assault, battery, invasion of privacy, wrongful discharge, wrongful arrest or imprisonment, intentional or negligent infliction of emotional distress or defamation. If you have more than one potential dispute or cause of action with the Company, you agree to bring all of them together at the same time."

In determining whether each count of the complaint should be stayed pending arbitration, the trial court examined this provision of the agreement and the specifics of appellant's claim. Counts I and III of the complaint sought compensation from LensCrafters for retaliatory discharge and for compensation for the injury its employee, Campton, inflicted on appellant. The court concluded that those counts are specifically included within the arbitration provision's language.[5]

The court also concluded that Count II, which sought compensation from Campton alone for acts of assault and battery perpetrated upon appellant, was included within the provision's language. In ordering Count II stayed pending the outcome of arbitration, the trial court determined that the claim against Campton was the result of an incident that occurred during their employment at LensCrafters; that Campton had acted as LensCrafters' agent; and that the provision, which implicated incidents of assault and battery, covered this category of potential claims. The language of the arbitration provision does indeed imply that acts of assault and battery perpetrated by LensCrafters' employees are

---

5. Appellant does not argue that Count IV, a claim filed by her husband for loss of consortium, was improperly stayed pending arbitration.

subject to arbitration. This interpretation of the provision covers the asserted dispute.

Clearly, both Campton and appellant were in LensCrafters' employ at the time of the incident. Campton acted as appellant's supervisor, and the incident occurred during working hours. The issues regarding Campton's scope of employment, whether she acted within that scope, and LensCrafters' possible liability for her actions are also for the determination of the arbitrator. See *Toledo Police Patrolman's Assn., Local 10, IUPA, AFL–CIO–CLC v. Toledo* (1998), 127 Ohio App.3d 450, 458, 713 N.E.2d 78, 83–84 (once arbitration is found to be applicable, court should not address the merits of a grievance). Indeed, LensCrafters might or might not be liable for Campton's actions.

Appellant's pursuit of Count II, which seems to be an alternative theory of liability against Campton alone in case Campton was found not to have acted within the scope of her employment, is contingent upon the arbitrator's factual determinations. However, the possibility that LensCrafters may not be liable to appellant for Campton's actions on the basis of facts not yet established is not enough to remove the claim from the language of the arbitration provision.

 The trial court properly concluded that, since Campton acted as LensCrafters' agent at the time, her actions of assault and battery were the type of claim intended to be included within the arbitration provision. Moreover, even had the trial court determined that Count II was a nonarbitrable issue based upon appellant's claim that Campton acted outside the scope of her employment, that claim was properly stayed until arbitration had concluded. See *Harsco*, 122 Ohio App.3d 406, 417, 701 N.E.2d 1040, 1047 (nonarbitrable issues contained in a pending complaint may be stayed until arbitration is concluded). Appellant's first assignment of error is overruled.

### Assignment of Error No. 3:

"The court erred to the prejudice of plaintiffs–appellants [*sic*] by sustaining defendants' [*sic*] motion for sending the case to arbitration as the dispute resolution process and its arbitration provisions constitute an adhesion contract and are against public policy, lack mutuality, was [*sic*] executed under duress, without legal counsel or bargaining or collective bargaining of any kind, and are without consideration."

 Appellant next alleges that the arbitration provision is against public policy and that it is void as an adhesion contract[6] and for several other

---

6. A contract of adhesion exists where one party has little or no bargaining power and has no realistic choice as to terms. *Nottingdale Homeowners' Assn., Inc. v. Darby* (1987), 33 Ohio

contractual reasons. LensCrafters responds that public policy favors arbitration and that the contract is valid.

Appellant first argues that R.C. 4123.90, which provides a timetable for notice to employers as to retaliatory discharge claims, manifests a public policy disfavoring arbitration in retaliatory discharge actions. Ohio public policy, however, generally favors arbitration as a means to settle disputes. *ABM Farms, Inc. v. Woods* (1998), 81 Ohio St.3d 498, 500, 692 N.E.2d 574, 576–577. R.C. 2711.02, requiring a court to stay an action if the issue involved is arbitrable under a written agreement, indicates that Ohio's General Assembly also favors arbitration. *Id.* R.C. 4123.90 requires that notice be provided to an employer of claims for retaliatory discharge and provides a timetable by which a claimant must do so. The statute does not indicate an expressed public policy to preclude arbitration on such claims.

Appellant next alleges that the arbitration provision is invalid. In order to defeat a motion for stay brought pursuant to R.C. 2711.02, a party must demonstrate that the arbitration provision itself in the contract at issue, and not merely the contract in general, was fraudulently induced. *ABM Farms,* syllabus. Appellant claims that her bargaining power against LensCrafters was unequal, that she did not understand the provision, and that she did not have an attorney or a copy of the written agreement. She has introduced no evidence to support these assertions. Appellant has failed to show that the arbitration provision in the written agreement was fraudulently induced.

Appellant's third assignment of error is overruled. The trial court's order staying proceedings pending arbitration is affirmed.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and VALEN, J., concur.

St.3d 32, 37, 514 N.E.2d 702, 707, fn. 7; *Hilb, Rogal & Hamilton Agency of Dayton, Inc. v. Reynolds* (1992), 81 Ohio App.3d 330, 339, 610 N.E.2d 1102, 1108–1109.