JOURNAL ENTRY AND OPINION
Pursuant to R.C.2711.02,[1] Defendant Ganley Pontiac Honda, Inc. (Ganley) appeals from the judgment of the trial court that denied its application for a stay of trial pending arbitration. For the reasons set forth below, we affirm the decision of the trial court with regard to the claims of plaintiff Aline Dudash and reverse and remand for further proceedings with regard to the claims of plaintiff Kitty Sikes.
On February 27, 1999, plaintiff Kitty Sikes entered into an agreement to purchase a 1996 Chrysler Sebring from defendant Ganley. In relevant part, the purchase agreement provided:
 ARBITRATION — Any dispute between you and dealer (seller) will be resolved by binding arbitration. You give up your right to go to court to assert your rights in this sales transaction (except for any claim in small claims court). Your rights will be determined by a neutral arbitrator not a judge or jury.
 You are entitled to a fair hearing, but arbitration procedures are simpler and more limited than rules applicable in court.
 Arbitrator decisions are enforceable as any court order and are subject to a very limited review by a court. See General Manager for information regarding arbitration process.
In connection with the purchase of this vehicle, Sikes and plaintiff Aline Dudash executed a financing agreement with Ganley. This agreement, which specifically provided that the holder was subject to any claims or defenses which the debtor could assert against the seller, was subsequently transferred to defendant Americredit Financial Services, Inc. (Americredit).
Thereafter, on July 24, 2000, plaintiffs Kitty Sikes and Aline Dudash filed this action against Ganley and Americredit, alleging that Ganley's oral representations concerning the vehicle constituted an express warranty pursuant to R.C. 1302.26 and that Ganley breached such warranty; that Ganley breached an implied warranty of merchantability in connection with the sale of the vehicle; that Ganley breached a warranty of fitness for a particular purpose; that Ganley committed unfair and deceptive practices in assessing the title fee, providing an incorrect Buyer's Guide, failing to tender parts failing to provide an estimate and failing to honor their claim for recission of the sale violations of the Consumer Sales Practices Act ("CSPA"), R.C. 1345.01 et seq.
Plaintiffs further alleged that Americredit had derivative liability pursuant to Ganley's assignment of the retail installment contract to it. They prayed for recission of the contract, damages, and other relief.
On August 16, 2000, defendants filed a motion to stay the proceedings pending arbitration, pursuant to R.C. 2711.02. Defendants asserted that plaintiff Kitty Sikes agreed that the matter was subject to arbitration, citing the arbitration provision of the purchase agreement.
The trial court denied defendants' motion to stay the proceedings and noted that the same arbitration clause had been declared unconscionable and unenforceable as a matter of law in Gilcrease v. Ganley Oldsmobile (Nov. 20, 2000), Case No. CV397306. Ganley now appeals and assigns a single error for our review.
Ganley's assignment of error states:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY OVERRULING THE MOTION FOR STAY OF PROCEEDINGS FILED BY DEFENDANT-APPELLANT.
Within this assignment of error, Ganley asserts that the trial court was required to hold a hearing in this matter before rendering its ruling. In opposition, plaintiffs note that an oral hearing was not required pursuant to Loc.R. 11(A) and that arbitration could not be held herein in light of their Magnuson Moss claims. Finally, plaintiffs ask us to find the agreement unconscionable. Amicus Trial Lawyers for Public Justice urge affirmance due to the express prohibition of mandatory dispute resolution in Magnuson Moss actions.
We begin by noting that the proper standard of review for determining whether the trial court properly ordered the proceedings stayed pending arbitration is the abuse of discretion standard. Harsco v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 410; McGuffy v. Lenscrafters, Inc. (2001), 141 Ohio App.3d 44.
Arbitration is encouraged as a method to settle disputes. See, e.g., ABM Farms, Inc. v. Woods (1998), 81 Ohio St.3d 498. A presumption favoring arbitration arises when the claim in dispute falls within the scope of the arbitration provision. Williams v. Aetna Finance Company (1998), 83 Ohio St.3d 464, 471. Moreover, pursuant to R.C. 2711.02:
 If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement * * *.
Nonetheless, under R.C. 2711.01(A):
 A provision in any written contract * * * to settle by arbitration a controversy that subsequently arises out of the contract * * * shall be valid * * * except upon grounds that exist at law or in equity for the revocation of any contract.
Thus, if the arbitration provision is found to be unconscionable, it will not be enforceable. See e.g., Sutton v. Laura Salkin Bridal 
Fashions (Feb. 5, 1998), Cuyahoga App. No. 72107, unreported.
Under Ohio law, a contract clause is unconscionable where there is the absence of meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party. Collins v. Click Camera Video, Inc. (1993),86 Ohio App.3d 826, 834. It is determined by application of a two-part test: (1) are there unfair and unreasonable contract terms, i.e., "substantive unconscionability;" and (2) area there individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible, i.e., "procedural unconscionability." Id.
In this instance, there is some indication that the arbitration provision was preprinted and the specific details of the arbitration were not provided to the purchaser. The record is not well-developed as to other circumstances surrounding the nature and execution of the provision, however. We therefore hold that this matter must be reversed and remanded in order to develop additional facts as to whether the agreement is unconscionable as to plaintiff Kitty Sikes. Accord Suttle v. DeCesare (July 5, 2001), Cuyahoga App. No. 77753, unreported, (trial court properly denied the Suttles' argument that the arbitration clause was unconscionable, because they produced no evidence to support such a claim); Williams, supra, (plaintiff filed an affidavit in the trial court regarding the inclusion of an arbitration clause in a loan agreement, to support her challenge to the validity of the arbitration clause). Cf. Women's Federal Savings Loan Assn. vs. Potz (Nov. 17, 1983), Cuyahoga App. No. 46690, unreported (where a contract may be unconscionable, the parties should be afforded an evidentiary hearing, unless facts in affidavits submitted in support of a motion for summary judgment are uncontroverted).
However, in this regard, we reject Ganley's claim that an oral hearing must be held on remand. Civ.R. 7(B) provides for a court to "make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition" in order to expedite its business.
Similarly, Loc.R. 11(A) of the Court of Common Pleas of Cuyahoga County, General Division reads as follows:
 Motions, in general, shall be submitted and determined upon the motion papers. Oral arguments of motions may be permitted on application and proper showing.
Thus, a trial court is not obligated to hold a hearing to determine a motion. Mahoney v. Robert Thomas Securities, Inc. (June 15, 1995), Cuyahoga App. No. 67881, unreported; Starr v. Dotsikas (Aug. 6, 1998), Cuyahoga App. No. 73201, unreported.
Accordingly the trial court is not required to hold an oral hearing on remand.
As to the claim of Amicus Curiae Trial Lawyers for Public Justice, that binding arbitration of express warranty claims are prohibited under the Magnuson Moss Warranty Act, we note that various federal courts considering this issue have reached a contrary conclusion. See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. Abrams (C.A. 2, 1990), 899 F.2d 1315, wherein the Court stated:
 The Act contains a broad savings clause, which states that "nothing in this chapter shall invalidate or restrict any right or remedy of any consumer under State law or any other Federal law." Furthermore, the Act does have an express preemption provision, but its effect is narrowly limited to preempting state requirements relating "to labeling or disclosure with respect to written warranties or performance thereunder."
Accord McIntire v. Ford Motor Co. (S.D.Ohio 2001), 142 F. Supp.2d 911.
Finally, we affirm this matter as to the claims of plaintiff Aline Dudash because she did not agree to engage in arbitration in this instance. Accord Haga v. Martin Homes, Inc. (Aug. 4, 2000), Tuscarawas Ct. App. No. 2000AP020018, unreported; Honchul v. Driver's Mart of Cincinnati LLC (March 2, 2001), Clinton App. No. Case No. CA2000-09-021, unreported.
In accordance with the foregoing, this matter is affirmed with regard to the claims of Aline Dudash and reversed and remanded for further proceedings as to the claims of Kitty Sikes.
It is ordered that appellees and appellants split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., AND JAMES J. SWEENEY, J., CONCUR.
[1] R.C. 2711.02 states, in pertinent part:
 An order under this section that grants or denies a stay of a trial of any action pending arbitration * * * is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure * * *.