DECISION AND JUDGMENT ENTRY
Fonda and Glen Marcinko appeal the decision of the Pike County Court of Common Pleas that stayed the proceedings in that court and ordered arbitration of their dispute with appellees Palm Harbor Homes, Inc. Appellants assign the following errors for our review:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED (SIC) FINDING THAT THE ARBITRATION DOCUMENT SIGNED TWO WEEKS PRIOR TO THE EXECUTION OF THE MARCINKO/PALM HARBOR PURCHASE CONTRACT WAS SIGNED CONCURRENTLY WITH THE CONTRACT AND WAS THEREFORE AN ENFORCEABLE PART OF THE CONTRACT.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT FINDING THAT THE ARBITRATION DOCUMENT REQUIRING ARBITRATION BEFORE THE AMERICAN ARBITRATION ASSOCIATION WAS UNCONSCIONABLE AND/OR AGAINST PUBLIC POLICY.
 THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT FINDING THAT THE ARBITRATION DOCUMENT REQUIRING ARBITRATION BEFORE THE AMERICAN ARBITRATION ASSOCIATION WAS PART OF A CONTRACT OF ADHESION.
 FOURTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION (SIC) FINDING THAT THE ARBITRATION DOCUMENT SIGNED TWO WEEKS PRIOR TO THE EXECUTION OF THE MARCINKO/PALM HARBOR PURCHASE CONTRACT WAS ENFORCEABLE, AS IT LACKED ANY INDEPENDENT CONSIDERATION.
In 1999, appellants Fonda and Glen Marcinko entered into a contract to purchase a new manufactured home from Palm Harbor Village ("Palm Harbor"). Prior to the signing of the contract, the parties signed an "Arbitration Provision" that provided all claims arising out of the transaction would be subject to binding arbitration. Upon its delivery, Mrs. Marcinko insisted that the home be returned to Palm Harbor because it was the incorrect model and did not include some of the amenities that they requested. However, the delivery contractor was not able to return the home at that time. Initially, the Marcinkos attempted to have the problems with the home corrected, to no avail. They then contacted the appellees in an attempt to rescind the contract. These attempts also failed.
As a result, the Marcinkos filed a complaint in the Pike County Court of Common Pleas, seeking a declaratory judgment and money damages. The complaint alleged fraud, breach of contract, and violations of both the Consumer Sales Practices Act and the Ohio Retail Installment Sales Act. Appellees filed their answer, along with a motion for a stay of the proceedings pending arbitration. Appellees argued that the arbitration agreement signed by the parties governed the Marcinkos' claims.
The trial court ruled that the parties had simultaneously signed both the arbitration agreement and the purchase contract. Therefore, the court found that the Marcinkos had agreed to arbitration with Palm Harbor. The court stayed the proceedings and ordered the parties to submit the claims to arbitration according to the agreement. Appellants filed this timely notice of appeal.
An order that grants a stay of any action pending arbitration is a final appealable order. R.C. 2711.02(C).[1]
The question of whether a controversy is arbitrable under a contract is a question of law for the trial court to decide upon an examination of the terms of the agreement. See McGuffey v. Lenscrafters, Inc. (2001),141 Ohio App.3d 44, 51, 749 N.E.2d 825. But, see, Harsco Corp. v. CraneCarrier Co. (1997), 122 Ohio App.3d 406, 410, 701 N.E.2d 1040, andMcGuffey at 49, which suggest an abuse of discretion standard is appropriate. Because we perceive our role as determining what the terms of the contract are, we apply the traditional contract law standard of review, i.e., de novo application of legal principles. See Alexander v.Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, 374 N.E.2d 146, paragraph one of the syllabus. See, also, Union Twp. v. Union Twp.Professional Firefighters' Local 3412 (2001), 142 Ohio App.3d 542, 547,756 N.E.2d 204, 208.
Generally, public policy in Ohio favors and encourages the resolution of disputes through arbitration because it unburdens crowded dockets and is relatively fast and inexpensive. See ABM Farms, Inc. v. Woods,81 Ohio St.3d 498, 500, 1998-Ohio- 612, 692 N.E.2d 574; Council ofSmaller Enterprises v. Gates, McDonald Co., 80 Ohio St.3d 661, 666,1998-Ohio-172, 687 N.E.2d 1352; Schaefer v. Allstate Ins. Co. (1992),63 Ohio St.3d 708, 711-712, 590 N.E.2d 1242. A presumption in favor of arbitration arises when the claim in dispute falls within the scope of the arbitration provision. Williams v. Aetna Fin. Co., 83 Ohio St.3d 464,471, 1998-Ohio-294, 700 N.E.2d 859. However, arbitration invokes principles of contract and a party cannot be required to submit to arbitration any dispute that he has not agreed to so submit. Council ofSmaller Enterprises, supra, at 665. Moreover, not all arbitration clauses are enforceable. See Branham v. Cigna Healthcare of Ohio, Inc.,81 Ohio St.3d 388, 390, 1998-Ohio-615, 692 N.E.2d 137, fn. 4.
In their first assignment of error, appellants argue that the arbitration agreement and the purchase contract were signed on different dates, and neither incorporated the other. Therefore, they contend there was no valid arbitration agreement to cover the issues raised in the complaint. We disagree. Appellants, along with an agent of Palm Harbor Village, signed an "Arbitration Provision" on February 6, 1999. The appellants, as well as an agent of Palm Harbor Village, also signed a purchase contract on February 19, 1999. The purchase contract contained a statement, which read: "NOTE: See the `Arbitration Provision and Agreement' which is part of this transaction." Therefore, the purchase agreement incorporated the "Arbitration Provision" by reference.
When a contract incorporates a prior agreement by reference, that prior agreement is to be read as though it had been restated in the contract. See Blanchard Valley Farmers Coop., Inc. v. Rossman (2001),145 Ohio App.3d 132, 140, 761 N.E.2d 1156; Blanchard Valley FarmersCoop., Inc. v. Carl Niese Sons Farms, Inc. (2001), 143 Ohio App.3d 795,802, 758 N.E.2d 1238. In other words, the two documents must be read together. See Christie v. GMS Mgmt. Co. (1997), 124 Ohio App.3d 84, 88,705 N.E.2d 691. Consequently, the arbitration agreement was a part of the purchase contract. Thus, the appellants' claims were subject to arbitration.
We recognize that the trial court technically was incorrect in finding that the parties signed the arbitration agreement and purchase contract concurrently on February 2, 1999. However, since the contract incorporated the arbitration agreement by reference, and thus that agreement was a part of the contract, this error is harmless. Moreover, we review judgments and not the rationale behind them. Thus, when the trial court reaches the right result, we will affirm its judgment even if our reasoning differs from that used by the trial court. See Myers v.Garson, 66 Ohio St.3d 610, 614, 1993-Ohio-9, 614 N.E.2d 742. Appellant's first assignment of error is overruled.
In their second assignment of error, appellants argue that the arbitration provision was unconscionable since they are required to pay substantial filing fees before an arbitration hearing can occur. The purported unconscionability of a contract presents us with a question of law. Ohio Univ. Bd. Of Trustees v. Smith (1999), 132 Ohio App.3d 211,220, 724 N.E.2d 1155. If a court finds a contract provision to be unconscionable, that provision is not enforceable. Williams, supra, at 473. In order for a contract term to be unconscionable, there must be an absence of meaningful choice on the part of one of the parties to the contract, combined with contract terms that are unreasonably favorable to the other party. Collins v. Click Camera Video, Inc. (1993),86 Ohio App.3d 826, 834, 621 N.E.2d 1294.
In this instance, appellants claim that they would be required to "pay a filing fee of not less than $1,250.00 and up to $5000.00 depending upon the prayer". They claim that requiring them to pay this amount of money prior to a hearing renders the arbitration provision unconscionable. We recognize that when a consumer is required to pre-pay a substantial amount of fees as a condition precedent to arbitration, the likely result is to, in fact, deny the consumer a hearing. See Williams, supra at 473. This, in effect, may overcome the presumption in favor of arbitration. However, here, we are only presented with the appellants' own self-serving declarations on the amount of fees required by the American Arbitration Association.[2] Appellants have presented no evidence in the record to substantiate their assertions. See Suttle v. DeCesare (July 5, 2001), Cuyahoga App. No. 77753, (where the trial court properly denied appellant's unconscionability argument because the appellant produced no evidence to support it). In the absence of some competent evidence on the amount of the filing fee or some other evidence to rely upon, we cannot find the arbitration provision to be unconscionable. Appellants' second assignment of error is overruled.
In their third assignment of error, appellants contend that the arbitration provision was part of a contract of adhesion, and therefore, unenforceable. We decide this issue on a de novo basis also. An adhesion contract exists when a party with little or no bargaining power is required to submit to terms to which he has no realistic choice. SeeNottingdale Homeowners' Assn., Inc. v. Darby (1987), 33 Ohio St.3d 32,37, 514 N.E.2d 702, fn. 7; McGuffey, supra, at fn. 6. Again, appellants have failed to submit any kind of evidence purporting to show that they had no choice as to the terms of the contract or the arbitration provision. There is no evidence that the arbitration agreement had to be signed in order for the purchase to take place. They have not shown that they were in any way forced into the contract or that they could not have purchased a manufactured home from someone else. Absent any evidence on the issue, we are forced to conclude that this is not a contract of adhesion. The third assignment of error is overruled.
In their final assignment of error, appellants claim that the arbitration agreement is void since it lacks any additional consideration. A review of the record reveals that appellants did not raise this issue in the trial court. An appellate court need not consider an error which was waived by failure to bring it to the trial court's attention. State v. Williams (1977), 51 Ohio St.2d 112, 364 N.E.2d 1364, paragraph one of the syllabus. Therefore, appellants have waived this issue. The fourth assignment of error is overruled.
We conclude that the arbitration provision was an enforceable part of the contract and that the trial court properly stayed the proceedings and compelled arbitration.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Evans, J.: Concur in Judgment and Opinion.
[1] R.C. 2711.02(C) states:
 "[A]n order * * * that grants or denies a stay of a trial of any action pending arbitration * * * is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."
[2] While appellants have failed to support their claim of substantial filing fees with any kind of evidence, they have also been inconsistent in their assertions. The record of the trial court reveals that appellants originally claimed the filing fee for a hearing before the American Arbitration Association would be $850.00, with the possibility of $2,400.00 being required.