This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, The Hartford Insurance Company ("Hartford"), appeals from the decision of the Summit County Court of Common Pleas. We reverse and remand.
{¶ 2} On January 22, 1997, appellees, Maria Handel, Hunter Handel, and Henry Handel (hereinafter collectively referred to as "Handel"), filed a complaint. In the complaint, Handel alleged that, on April 19, 1996, defendant Ann White negligently operated a vehicle, causing a collision with Maria Handel which resulted in injuries to Handel. The complaint also alleged that Handel was insured by defendant Liberty Mutual Group and that Handel was entitled to recover benefits relating to that policy.
{¶ 3} On April 16, 1998, the trial court granted Liberty Mutual Group's motion for summary judgment, finding that Henry Handel, Maria's husband, had signed a waiver of underinsured motorist benefits. The case proceeded to trial and, on March 28, 2000, the jury returned a verdict against Ms. White. Thereafter, the trial court granted a motion for a new trial. The decision to grant a new trial was affirmed by this court on February 28, 2001 in Handel v. White (Feb. 28, 2001), 9th Dist. No. 20096 and the matter was remanded to the trial court.
{¶ 4} On September 17, 2001, in response to a motion filed by Hartford, the trial court permitted Hartford to intervene in the case. Hartford insured Tri-State Mobility, Henry Handel's employer, and had been presented with an underinsured motorists claim pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. Subsequently, on January 23, 2002, Handel filed a motion seeking arbitration of the underinsured motorist claim in relation to Hartford and requesting an order staying the case pending the arbitration. On March 5, 2002, the trial court held that the matter should be arbitrated and stayed the case pending the arbitration. This appeal followed.
{¶ 5} Appellant raises three assignments of error. We will consider them together to facilitate review.
 First Assignment of Error {¶ 6} "THE TRIAL COURT ERRED BY GRANTING PLAINTIFF-APPELLEES' MOTION TO STAY THE PROCEEDINGS IN THE TRIAL COURT PENDING BINDING ARBITRATION WHERE THE ACCIDENT AT ISSUE OCCURRED IN 1996 AND ARBITRATION WAS NOT DEMANDED UNTIL 2001."
 Second Assignment of Error {¶ 7} "THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEES' MOTION TO STAY THE PROCEEDINGS IN THE TRIAL COURT PENDING BINDING ARBITRATION OF A CLAIM FOR UNDERINSURED MOTORISTS' BENEFITS WHERE SUIT IS PENDING AGAINST THE TORTFEASOR AND ARBITRATION WILL THEREFORE WILL [sic.] BE A VAIN ACT."
 Third Assignment of Error {¶ 8} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEES'S [sic.] MOTION TO STAY THE PROCEEDINGS IN THE TRIAL COURT PENDING BINDING ARBITRATION WHERE NON-ARBITRATABLE ISSUES REMAIN."
{¶ 9} In the assignments of error, Hartford asserts several reasons that it was error for the trial court to order arbitration. We agree that it was error to order arbitration and to stay the proceedings of the case pending arbitration.
{¶ 10} The question of whether a controversy is arbitrable under a contract is a question of law for the trial court to determine upon an examination of the terms of the agreement, unless the contract itself reserves the question for the arbitrator. See McGuffey v. Lenscrafters,Inc. (2001), 141 Ohio App.3d 44, 51; see, also, Marcinko v. Palm HarborHomes, Inc., 4th Dist. No. 01CA677, 2002-Ohio-3313, at ¶ 10. Pursuant to the underinsured motorist provisions in the insurance contract, if the insurer and the insured "disagree whether the `insured' is legally entitled to recover damages from the owner or driver of an `uninsured motor vehicle' or do not agree as to the amount of damages that are recoverable by that `insured', then the matter may be arbitrated."
{¶ 11} Upon reviewing the arbitration clause contained in the insurance contract, it is clear that arbitration is limited to two instances: First, when the insurance company and the insured disagree as to whether the insured is legally entitled to recover damages from either the owner or driver of the uninsured motor vehicle, i.e. a determination as to fault, and, second, when the insurance company and the insured disagree as to the amount of damages recoverable by the insured, i.e. the amount of recoverable damages.
{¶ 12} In the present case, Handel filed a motion seeking arbitration of the underinsured motorist claim with regard to Hartford. In response, Hartford filed a motion in opposition. In their motion, Hartford stated that arbitration was inappropriate because there was not an issue to be resolved in arbitration. On appeal, it is evident that there is no disagreement as to whether Handel, the insured, is legally entitled to recover damages from either the owner or driver of the uninsured motor vehicle. Moreover, at this point, Hartford and Handel are not disagreeing as to the amount of damages that are recoverable by Handel. Rather, Hartford and Handel disagree as to whether Handel must first proceed against others before attempting to recover from Hartford.
{¶ 13} In essence, Hartford is not challenging the total amount of damages or fault as contemplated by the arbitration agreement, but instead are only asserting that they cannot yet determine whether they disagree over fault or the amount of damages that are recoverable by Handel. The arbitration clause is therefore inapplicable in the present case. The parties are in disagreement as to when Handel can attempt to recover from Hartford and whether they must resolve the litigation with other parties before proceeding to arbitration regarding the claim against Hartford. Based upon the clear language of the insurance contract and its applicability to the facts of the present case, the arbitration clause is inapplicable to the present dispute. The trial court erred in granting the motion for arbitration and staying the proceedings of the case pending arbitration.
{¶ 14} Hartford's assignments of error are sustained to the extent that the trial court erred in ordering arbitration. The decision of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.
CARR, P.J., WHITMORE, J. CONCUR.