DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from the Sandusky County Court of Common Pleas which granted appellee, Albrechta Coble, default judgment against appellants, Elsebeth Baumgartner and Joseph Baumgartner. For the reasons that follow, we reverse the decision of the trial court.
 {¶ 2} In this case, prior to filing a responsive pleading, appellants moved, pursuant to R.C. 2711.02, to stay the proceedings and refer the action to arbitration under the terms of the parties' agreement. After the time for filing a responsive pleading had expired, appellee filed a motion for default judgment, which was granted the same day it was filed with the trial court. At the hearing to assess damages, the trial court held that "* * * the only time a Motion to Stay would have had any relevance would have been at the time a denial, with the Motion to Stay contemporaneously filed, or afterwards filed. * * *" Insofar as no answer had been filed in this case, the trial court held that the motion was not before the court and the allegations in the complaint were deemed admitted. Appellee was then granted judgment against appellants in the amount of $15,689.48.
 {¶ 3} Appellants appeal the judgment of the trial court and raise the following assignments of error:
 {¶ 4} "Assignment of Error I
 {¶ 5} "The trial court erred in granting plaintiff/appellee's [sic], Albrechta and Coble's, Application for Default Judgment in this matter due to the fact that defendant/appellants [sic] had filed a timely Motion to Stay Trial and Refer the Matter to Arbitration pursuant to ORC § 2711.02.
 {¶ 6} "Assignment of Error II
 {¶ 7} "The trial court erred in granting plaintiff/appellee's [sic], Albrechta and Coble's, Application for Default Judgment in this matter due to the fact that defendant/appellants [sic] were not given proper notice of such application pursuant to Ohio Rules of Civil Procedure 55."
 {¶ 8} Although it is clear that a party waives its right to arbitration when it fails to assert such as an affirmative defense in a responsive pleading, R.C. 2711.02 provides no specific time period within which a party must file a motion to stay proceedings pending arbitration. Accordingly, we agree with the Twelfth Appellate District which held that a defendant is not required to engage in further litigation by filing a responsive pleading before the court may entertain a R.C. 2711.02 motion and stay the action. McGuffey v. LensCrafters,Inc. (2001), 141 Ohio App.3d 44, 51. See, also, Garvin v. IndependencePlace Condominium Assoc. (Mar. 29, 2002), Lake App. No. 2001-L-055. A party "* * * should not be penalized for promptly and appropriately asserting its right to arbitration." McGuffey, supra. Accordingly, we find appellants' first assignment of error well-taken.
 {¶ 9} Pursuant to Civ.R. 55(A), "If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." Appellants clearly had appeared in the action by way of their motion to stay. The application for default judgment was granted the same day it was filed with the trial court. Clearly, appellants were not served with written notice of the application at least seven days prior to the application being heard. Appellants' second assignment of error is therefore found well-taken.
 {¶ 10} On consideration whereof, the court finds substantial justice has not been done the party complaining and the judgment of the Sandusky County Court of Common Pleas is reversed. This matter is remanded to the trial court for further proceedings. Appellee to pay the costs of this appeal.
JUDGMENT REVERSED.
James R. Sherck, J., Richard W. Knepper, J., and Mark L. Pietrykowski,P.J., CONCUR.