OPINION
{¶ 1} This is an accelerated appeal taken from a decision of the Geauga County Court of Common Pleas, denying the motion of appellant, KraftMaid Cabinetry, Inc., for a stay in the proceedings and to compel arbitration.
 {¶ 2} In July 1999, appellant hired appellee, Marina Scaglione, as an at-will employee. As a part of the hiring process, appellant gave appellee several documents, one of which was a copy of appellant's Corporate Dispute Resolution Policy ("CDRP").
 {¶ 3} Along with these documents, appellant gave appellee a document labeled "Acknowledgement." Appellee signed this document, which acknowledged receipt of several documents, including the employee manual and the CDRP. In addition the acknowledgement stated that the manual was "not in any way a contract of employment or intended to create any binding legal obligations on the part of [appellant] to [appellee]."
 {¶ 4} Several months after appellee was hired, a paint machine on which she was working injured her. Appellee filed a complaint alleging that appellant had committed an intentional tort. In response to appellee's complaint, appellant filed a "Motion to dismiss and/or to stay proceedings and compel arbitration." The trial court denied appellant's motion. From this decision, appellant appeals, raising the following assignment of error:
 {¶ 5} "[t]he trial court erred to the prejudice of defendant-appellant by denying defendant-appellant's motion to stay proceedings and compel arbitration."
 {¶ 6} The proper standard of review for determining whether the trial court properly ordered the proceedings stayed pending arbitration is the abuse-of-discretion standard. McGuffey v. LensCrafters, Inc. (2001) 141 Ohio App.3d 44, 49. Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} Arbitration agreements are strongly encouraged under Ohio law and public policy. R.C. 2711.01(A) provides that:
 {¶ 8} "[a] provision in any written contract * * * to settle by arbitration a controversy that subsequently arises out of the contract * * * shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."
 {¶ 9} "[E]mployee manuals and handbooks are usually insufficient, by themselves, to create a contractual obligation upon an employer." Manofsky v. Goodyear Tire Rubber Co. (1990), 69 Ohio App.3d 663,671. Furthermore, the existence of a disclaimer, which indicates that the employee handbook does not constitute an employment contract, bars a finding that an employment contract was created by the handbook. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 110.
 {¶ 10} In this case, appellant provided appellee with an "Employee Information Manual," along with other documents outlining appellant's policies with regard to its employees. Among these documents was appellant's CDRP.
 {¶ 11} Along with the Employee Information Manual and the other documents, appellee was given an "Acknowledgment" form. The form asked appellee to acknowledge that she had received all of these items, and included language disclaiming the existence of an employment contract created by the Employee Information Manual, and indicated that the manual placed no binding legal obligations on appellant. This disclaimer precludes the existence of a contract, between appellant and appellee, predicated upon the Employee Information Manual.
 {¶ 12} Below the disclaimer relating to the Employee Information Manual, the acknowledgement listed the additional documents provided to appellee, including the CDRP and provided that:
 {¶ 13} "[a]s these policies and this acknowledgement pertain to me and my continued employment at KraftMaid, it is important that I contact the Human Resources Department immediately if there is any portion or section that I do not understand."
 {¶ 14} It is clear from the plain language of the acknowledgement that the disclaimer was made only with respect to the Employee Information Manual, and did not apply to the other information given to appellee.
 {¶ 15} An employment contract with no specified term is an employment-at-will relationship. Henkel v. Educational Research Council of America (1976), Amer. (Jan. 16, 1975), 8th Dist. No. 33519, 1975 Ohio App. LEXIS 6685, at *4. Continued employment is sufficient consideration to modify the terms of an at-will employment agreement. See Paglia v. Heinbaugh (Feb. 25, 1994), 11th Dist. No. 93-T-4838, 1994 WL 110892, at *3. The CDRP explicitly states that it is "a condition of continued employment and binding upon the Company and the employee." Appellee, by accepting continued employment from appellant, agreed to be bound by the CDRP as a part of the at-will employment agreement between the parties. Thus, the at-will employment contract governs the relationship between appellant and appellee as employer and employee.
 {¶ 16} The Supreme Court of Ohio has repeatedly held that:
 {¶ 17} "`[i]njuries resulting from an employer's intentional torts, even though committed at the workplace, * * * are totally unrelated to the fact of employment. When an employer intentionally harms his employee, that act effects a complete breach of the employment relationship, and for purposes of the legal remedy for such an injury, the two parties are not employer and employee, but intentional tortfeasor and victim. * * * The employer has forfeited his status as such and all the attendant protections fall away.'" (Emphasis sic.) Johnson v. BP Chemicals, Inc. (1999), 85 Ohio St.3d 298, 305 fn 8, quoting Brady v. Safety-Kleen Corp. (1991), 61 Ohio St.3d 624, 634.
 {¶ 18} The CDRP purports to apply to intentional torts as well as disputes over wages, civil rights laws, and myriad other possible disputes; however, upon consideration of the Supreme Court of Ohio's holdings on employer intentional torts, it is clear that it cannot so apply. The CDRP is part of the at-will employment contract between appellant and appellee. It controls the relations between the parties as employer and employee. The Supreme Court of Ohio is explicit and emphatic in its holding that employer intentional torts are completely outside of the employer/employee relationship. Thus, an agreement controlling that relationship is not controlling in the area of employer intentional torts. Because the employment contract between appellant and appellee does not apply to this situation, the CDRP, included therein, likewise does not apply.
 {¶ 19} Appellant cites McGuffey, supra, as an example of the Twelfth District Court of Appeals holding that an intentional tort claim must be submitted to arbitration. The court in McGuffey, however, failed to consider the holdings of the Supreme Court of Ohio in Brady and Johnson, supra. In a case where a ruling of another appellate district conflicts with a precedent of the Supreme Court of Ohio, we must follow the precedent established by the Supreme Court.
 {¶ 20} The trial court did not abuse its discretion in denying appellant's motion to compel arbitration. Appellant's sole assignment of error is without merit.
 {¶ 21} For the foregoing reasons, we affirm the judgment of the Geauga County Court of Common Pleas. Pursuant to this entry, any pending motions are hereby overruled as moot.
WILLIAM M. O'NEILL, P.J., concurs, DIANE V. GRENDELL, J., concurs in judgment only.