CIRINO, Appellee,

v.

CHRISTIAN & TIMBERS, INC., Appellant.

[Cite as *Cirino v. Christian & Timbers, Inc.* (1996), 116 Ohio App.3d 818.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70564.

Decided Dec. 9, 1996.

*Waldheger, Coyne & Associates Co., L.P.A., Michael J. Jordan* and *Walter F. Ehrnfelt,* for appellee.

*McCarthy, Lebit, Crystal & Haiman Co., L.P.A., Mark B. Cohn* and *Jeffrey A. Huth,* for appellant.

*Per Curiam.*

Appellant, Christian & Timbers, Inc., appeals the trial court's denial of its motion to compel arbitration and stay proceedings pending arbitration. For the following reasons, we sustain appellant's assignment of error and reverse.

In December, 1993, appellant hired appellee, Frank A. Cirino, Jr., and the two parties executed a written employment agreement. In May, 1995, appellant terminated appellee's employment. Shortly thereafter, appellee brought suit alleging *inter alia* wrongful and retaliatory discharge.

Appellant moved the trial court to compel arbitration pursuant to Paragraph Ten of the agreement. Paragraph Ten of the agreement provides:

"TEN. Arbitration. (A) Except as provided in Article TEN (B) hereof, all controversies, claims, disputes and matters in question, arising out of, or relating to, this Agreement or the breach thereof, or the relations between the parties, shall be decided by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

"(B) The right of the Corporation to terminate this Agreement shall not be subject to arbitration."

The trial court denied appellant's motion. This appeal followed.

The issue presented to this court is whether terminating the employment and terminating the agreement are the same under the agreement. We hold that the agreement clearly sets forth many differences between termination of employment and termination of the agreement.

Appellee contends that termination of the agreement and termination of employment are conceptually indistinguishable. However, as appellee's counsel conceded during oral argument, it was possible to terminate the agreement without terminating appellee's employment. Conversely, appellee's employment could have been terminated pursuant to Paragraph Eleven of the agreement, which provides that the employment shall terminate for various reasons, *e.g.*, physical or mental disability, breach of fiduciary duty, fraud, or other criminal activity. Such termination of employment would not constitute breach of contract, and it would certainly not terminate the agreement. Indeed, any postemployment dispute involving the interpretation of Paragraph Eleven, or any other provision of the agreement, would be subject to the continuing obligation to arbitrate disputes.

There are other provisions within the agreement which demonstrate that the agreement was not intended to terminate on termination of employment. Several obligations established in the agreement bind the parties after termination of employment. Paragraph Three (B) grants compensation rights to appellee on the "termination of [his] employment under this Agreement". Paragraph Six prohibits disclosure of proprietary information both during and after the employment.

In Paragraph Five, the parties established obligations which would arise *only upon the termination of appellee's employment.* Under the agreement, on termination of his employment, plaintiff must turn over various materials to the corporation, he must refrain from competing under a restrictive covenant, and he cannot solicit appellant's employees for employment. These provisions' binding effect is conditional and arises only when the employment is terminated. Moreover, any dispute regarding the interpretation or viability of these provisions would be subject to arbitration. These facts demonstrate that the parties intended the agreement to live on well after the employment had ceased.

The language of the agreement is clear and unambiguous. The parties invoked specific terminology to describe specific circumstances. They did not consider termination of employment and termination of the agreement to be the same.

■ "[W]here the terms in an existing contract are clear and unambiguous, this court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties." *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 246, 7 O.O.3d 403, 406, 374 N.E.2d 146, 150.

Any contrary holding would render language employed by the parties modifiable at the will and discretion of the judiciary.

Even if we considered the contract to be ambiguous, as urged by appellee, the overriding policy in favor of arbitration mandates the same conclusion.

" 'A clause in a contract providing for dispute resolution by arbitration should not be denied effect unless it may be said with positive assurance that the subject arbitration clause is not susceptible [of] an interpretation that covers the asserted dispute. In examining such a clause, a court must bear in mind the strong presumption in favor of arbitrarily [*sic*], and any doubts should be resolved in favor of coverage under the arbitration clause.' " (Citation omitted.) *St. Vincent Charity Hosp. v. URS Consultants, Inc.* (1996), 111 Ohio App.3d 791, 677 N.E.2d 381, quoting *Didado v. Lamson & Sessions Co.* (1992), 81 Ohio App.3d 302, 304, 610 N.E.2d 1085, 1087.

"Ambiguities as to the scope of the arbitration clause itself should be resolved in favor of arbitration." *Gaffney v. Powell* (1995), 107 Ohio App.3d 315, 668 N.E.2d 951, citing *Volt Information Sciences v. Bd. of Trustees* (1989), 489 U.S. 468, 476, 109 S.Ct. 1248, 1254, 103 L.Ed.2d 488, 498; *Gujrati v. Dech* (Aug. 16, 1995), Summit App. No. C.A. 16966, unreported, 1995 WL 500153.

For the foregoing reasons we hold that the trial court erred when it denied appellant's motion to compel arbitration. The judgment is accordingly reversed and remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

HARPER and NAHRA, JJ., concur.

SPELLACY, C.J., dissents.

SPELLACY, Chief Judge, dissenting.

I must respectfully dissent from the majority's conclusion that appellee's employment could have been terminated without terminating the employment agreement, therefore making any postemployment dispute involving the interpretation of the agreement subject to arbitration.

The majority concludes that the sole issue before this court is whether terminating employment and terminating the employment agreement are the same under the agreement. However, I find that the sole issue presented by appellant for our review is whether a particular controversy is arbitrable under the arbitration provision of the employment agreement entered into between appellant and appellee.

Appellant entered into an employment agreement with appellee requiring arbitration of disputes arising out of, or relating to, the agreement. The arbitration clause set forth in the employment agreement states:

"TEN. Arbitration. (A) Except as provided in Article TEN (B) hereof, all controversies, claims, disputes and matters in question, arising out of, or relating to, this Agreement or the breach thereof, or the relations between the parties, shall be decided by arbitration * * *.

"(B) The right of [appellant] to terminate this Agreement shall not be subject to arbitration."

The issue of "whether a controversy is arbitrable under the provisions of a contract is a question for the court to decide upon examination of the contract." *Sexton v. Kidder Peabody & Co., Inc.* (March 7, 1996), Cuyahoga App. No. 69093, unreported, 1996 WL 100855, citing *Divine Constr. Co. v. Ohio–American Water Co.* (1991), 75 Ohio App.3d 311, 599 N.E.2d 388. A court will enforce an arbitration clause unless it is firmly convinced that the clause is inapplicable to the dispute or issue in question. *Sexton, supra,* citing *Ervin v. Am. Funding Corp.* (1993), 89 Ohio App.3d 519, 625 N.E.2d 635.

In the case *sub judice,* appellant contends that the trial court erred in refusing to permit the controversy to be settled through arbitration. In particular, appellant contends that appellee's claims with regard to his probationary period, as well as his claim for payment of his annual raise, have nothing to do with the agreement or its termination. Furthermore, the claims are completely outside of the agreement and should, as a result, be governed by Paragraph Ten (A) of the agreement allowing the dispute to be settled through arbitration.

The arbitration clause in the present case clearly states that where appellant asserts its right to terminate the employment agreement, the termination is not subject to arbitration. Clearly, appellant chose to exercise its right to terminate appellee's employment agreement when it terminated appellee on May 10, 1995. Subsequently, appellee filed a complaint against appellant asserting that appellant, in bad faith, wrongfully terminated his employment. This claim, as well as appellee's claim that he was unable to complete his sixty-day probationary period, goes directly to the issue of wrongful termination.

Thus, in accordance with the exclusion set forth in Section Ten (B) of the employment agreement, I find that the trial court appropriately denied appellant's motion to compel arbitration and proceedings pending arbitration.

For the foregoing reasons, I would affirm the judgment of the trial court.