DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted a motion to stay proceedings and compel arbitration filed by appellees, Salomon Smith Barney, Inc. and its affiliates, Smith Barney, Inc., Salomon Brothers, Inc. and Citigroup, Inc. ("SSB"), in this action filed by appellant, Monica Cunningham-Malhoit, a former stockbroker at SSB. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. Appellant filed a complaint on October 19, 2001, and an amended complaint on October 24, 2001, against SSB and another defendant, Edward Sampson, who is not a party to this appeal. The complaints set forth allegations of breach of contract, fraud, gender discrimination, disability discrimination and retaliation, based upon Ohio law. On January 17, 2002, SSB and Sampson filed a motion to stay proceedings and compel arbitration. On February 20, 2002, appellant filed her response to the motion; on March 1, 2002, SSB and Sampson filed a reply in support of their motion. On August 7, 2002, the trial court granted SSB's motion to stay proceedings and compel arbitration but denied the motion as to Sampson. In its judgment entry, the trial court relied upon both the handbooks and appellant's separate acknowledgment and separate agreement to arbitrate. On September 3, 2002, appellant filed a timely notice of appeal.
 {¶ 3} Appellant sets forth the following two assignments of error[1]:
 {¶ 4} "STATEMENT OF ASSIGNMENTS OF ERROR
 {¶ 5} "1. The trial court committed reversible error in granting Defendants' Motion to Stay Proceedings and Compel Arbitration by erroneously determining that a mere employee handbook created an enforceable contract to arbitrate.
 {¶ 6} "2. The trial court committed reversible error by failing to follow longstanding Ohio case law holding that disclaimers contained in employee handbooks destroy the formation of a binding contract, as a matter of law."
 {¶ 7} The standard of review for determining whether a trial court properly ordered the proceedings stayed pending arbitration is the abuse of discretion standard. Harsco Corp. v. Crane Carrier Co. (1997),122 Ohio App.3d 406, 410, discretionary appeal not allowed (1997),80 Ohio St.3d 1477. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Id.
 {¶ 8} Under R.C. 2711.02[2], when a court is presented with a motion to stay the proceedings pending arbitration, the court must as an initial matter determine that it is satisfied that the issue involved in the action is referable to arbitration under a written agreement that calls for arbitration. Cross v. Carnes (1998), 132 Ohio App.3d 157, 164. The question of whether claims are subject to an arbitration provision in a contract is a question of law for the court to decide upon an examination of the contract, unless the contract itself reserves the question for the arbitrator. Gaffney v. Powell (1995), 107 Ohio App.3d 315,319; Neubrauder v. Dean Witter Reynolds, Inc. (1992), 81 Ohio App.3d 308, 31. Because the arbitration provision at issue here did not reserve the question of arbitrability for the arbitrator's determination, the trial court properly made the determination regarding arbitrability of appellant's claims. Gaffney, 107 Ohio App.3d at 319. Pursuant to R.C.2711.02(B), a trial court is obligated to stay the trial proceedings once it is satisfied that the issues raised in the action are referable to arbitration.
 {¶ 9} R.C. 2711.01(A) provides:
 {¶ 10} "(A) A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."
 {¶ 11} An arbitration clause in a contract should not be denied effect unless it may be said with positive assurance that the clause is not susceptible of an interpretation that covers the asserted dispute.Gibbons-Grable Co. v. Gilbane Bldg. Co. (1986), 34 Ohio App.3d 170, 173. A party cannot be compelled to arbitrate a dispute that it has not agreed to arbitrate. Piqua v. Ohio Farmers Ins. Co. (1992), 84 Ohio App.3d 619,621. Nonetheless, any dispute regarding whether an issue is within an arbitration term should be resolved in favor of coverage.Gibbons-Grable, 34 Ohio App.3d at 173. "In examining an arbitration clause, a court must bear in mind the strong presumption in favor of arbitrability and resolve all doubts in favor of arbitrability."Neubrander v. Dean Witter Reynolds, Inc. (1992), 81 Ohio App.3d 308,311. Ohio and federal courts encourage arbitration to settle disputes.ABM Farms, Inc. v. Woods (1998), 81 Ohio St.3d 498, 500.
 {¶ 12} The court will address appellant's assignments of error in reverse order. In her second assignment of error, appellant argues that the trial court erred in its application of Ohio law regarding disclaimers in employee handbooks. Appellant argues that under Ohio law, disclaimers in employee handbooks destroy mutual assent and, thus, such disclaimers prevent the creation of a binding contract and preclude the use of the arbitration provision in the employee handbook to compel arbitration. This court finds merit in this assignment of error.
 {¶ 13} Ohio has long recognized the doctrine of employment-at-will whereby an oral employment agreement of indefinite duration is presumed to be terminable at will by either party for any reason not contrary to law. Henkel v. Educational Research Council (1976), 45 Ohio St.2d 249. Under the implied contract exception to the employment-at-will doctrine, an employee handbook may be sufficient to create implied or express contractual provisions that alter the terms of employment. Tohline v.Central Trust Co., N.A. (1988), 48 Ohio App.3d 280, 282. However, the use of a disclaimer that a handbook does not constitute a written contract precludes the use of the handbook to demonstrate an implied contract of employment as disclaimers negate mutual assent. Id. Instead, the handbook then becomes "merely a unilateral statement of rules and policy which creates no obligations and rights." Id.
 {¶ 14} In the case sub judice, disclaimers appear in both handbooks indicating that the handbooks do not constitute a guarantee of employment for any specified period of time; that employment is "at-will;" and that either the employee or the employer may terminate the relationship at any time with or without reason or advance notice. SSB also reserved the right to change or modify its policies and procedure in the handbook with or without notice, in its sole discretion. The language of the disclaimers is clear and unequivocal and completely negates any intent on the part of SSB to create a binding contract. Thus, this court agrees that the disclaimers in the handbooks preclude the use of the handbooks to compel arbitration.
 {¶ 15} Accordingly, appellant's second assignment of error is found well-taken to the extent that the handbooks, due to the disclaimers, could not be a contract upon which arbitration could be ordered.
 {¶ 16} In her first assignment of error, appellant argues that the trial court erred in granting the motion to stay proceedings and compel arbitration. In an argument related to her second assignment of error, appellant asserts that the trial court erred in relying on the employee handbook as a basis to compel arbitration. However, appellant ignores that the trial court also relied upon her separate signed agreements to arbitrate. This court finds no merit in this assignment of error.
 {¶ 17} On October 17, 1997, appellant signed a form captioned "EMPLOYEE HANDBOOK RECEIPT FORM" acknowledging that she had reviewed the Smith Barney Employee Handbook ("SB Handbook") and agreed to comply with its policies.[3] On December 8, 1998, appellant signed another form captioned "EMPLOYEE HANDBOOK RECEIPT FORM" acknowledging that she had reviewed the Salomon Smith Barney Interim Employee Handbook ("SSB Handbook") and agreed to comply with the policies. In this signed document, appellant also agreed that she would be "bound by the Travelers/Salomon Smith Barney Principles of Employment, which includes a predispute, employment arbitration provision" as a part of continuing her employment with SSB. The pertinent language of the SSB Handbook to which appellant agreed is almost identical to the language of the SB Handbook set forth in footnote 3.
 {¶ 18} "An arbitration clause in a contract is generally viewed as an expression that the parties agree to arbitrate disagreements within the scope of the arbitration clause, and, with limited exceptions, an arbitration clause is to be upheld just as any other provision in a contract should be respected." Williams v. Aetna Fin. Co. (1998),83 Ohio St.3d 464, 471. The issue of "whether a controversy is arbitrable under the provisions of a contract, is a question for the court to decide upon examination of the contract." Divine Constr. Co. v. Ohio-AmericanWater Co. (1991), 75 Ohio App.3d 311, 316. Generally, when a contract requires arbitration of one or more issues, by its terms, there is a presumption in favor of arbitration for any issue raised under the contract. Council of Smaller Enterprises v. Gates, McDonald Co.
(1998), 80 Ohio St.3d 661, 666-67. The determination as to whether an issue can be referred to arbitration turns upon the specific language in the written arbitration provision to which the parties agreed. Cirino v.Christian Timbers, Inc. (1996), 116 Ohio App.3d 818, 820-21.
 {¶ 19} In the case sub judice, appellant clearly agreed to submit all employment disputes to arbitration when she signed the acknowledgment on October 17, 1997 and the agreement to arbitrate on December 8, 1998. In both of these documents, appellant entered into an agreement to arbitrate the type of claims that she asserts in the case sub judice. Therefore the trial court was required, under R.C. 2711.02, to issue a stay of proceedings as to appellant who had entered into a written agreement of arbitration with SSB.
 {¶ 20} Accordingly, appellant's first assignment of error is found not well-taken.
 {¶ 21} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Judith Ann Lanzinger, J. CONCUR.
[1] Appellant originally set forth a third assignment of error but in her reply brief withdrew that assignment of error.
[2] R.C. 2711.02(B) provides:
"If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
[3] The SB Handbook to which appellant agreed to comply contained the following policy:
"The Policy makes arbitration the required, and exclusive, forum for the resolution of all disputes based on legally protected rights (i.e. statutory, contractual or common law rights) that may arise between an employee or former employee and the Travelers Group or its affiliates, officers, directors, employees and agents (and which are not resolved by the internal dispute resolution procedure), including claims brought under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Age Discrimination In Employment Act, the Rehabilitation Act of 1973, the Americans with Disabilities Act, the Employee Retirement Income Security Act of 1974 and all amendments thereto, and any other federal, state, and local statute, regulation or common law doctrine, regarding employment discrimination, conditions of employment or termination of employment. * * *"